JAMES A. JONES, trustee, *vs.* GRACE C. FOOTE & another.

Middlesex.  Jan. 24. — Sept. 5, 1884.  DEVENS & C. ALLEN, JJ., absent.

Under a devise in a will of a fund in trust for "the maintenance and education of" the two minor children of the testator, naming them, each child is entitled to share equally in the fund, without regard to their different needs.

BILL IN EQUITY, by the trustee under the will of David Brown, to obtain the instructions of the court as to the construction of the will, the fifth clause of which was as follows: "Fifth.  I give and bequeath and devise all the rest and residue of my property to my said executor, in trust for the maintenance and education of my two youngest children, Albert P. and Grace C. Brown."

The bill alleged that the will was admitted to probate on March 28, 1876; that the plaintiff was, on June 8, 1880, appointed trustee of the estate then remaining, given in trust by the fifth clause of the will for the benefit of Albert P. Brown and Grace C. Brown, and accepted that trust; that property, both real and personal, came to the hands of the plaintiff as such trustee, and the real estate remained unsold and unexpended; that Albert P. Brown was a minor of the age of fifteen years, and Grace C. was a minor of the age of eleven years; that one William H. Foote and his wife, by virtue of a decree of the Probate Court for the county of Hampden, made on October 3, 1876, adopted said Grace C. as their child, and by said decree the name of Grace C. was changed to that of Grace C. Foote; that since, by a decree of said Probate Court, William H. Foote had been appointed the legal guardian of Grace C. Foote; that William H. Foote was able to properly support, educate, and maintain Grace C. Foote without the aid of the income of the trust fund; that Albert P. Brown had no means sufficient for his education and support other than said trust property; that said property was of small value, and the whole income, with portions of the principal thereof, was insufficient to properly maintain and educate Albert P. Brown; that said Grace, through her said parent by adoption and guardian, claimed to be entitled to an equal share of the trust fund, and that the plaintiff was not authorized by said will to pay more than a half part of the

principal or income thereof for the maintenance and education of Albert P.; and that nearly one half of the trust fund had been expended for the education and support of Albert P. Brown.

The answer of Grace C. Foote denied that William H. Foote was able to support her, and admitted the other allegations of the bill.

The answer of Albert P. Brown admitted the allegations of the bill; and alleged that the whole of the fund was necessary for his support and maintenance.

The case was heard, before *Holmes*, J., on the pleadings and the following agreed facts, and reserved for the consideration of the full court:

The will was made by David Brown on the day of his decease, and in expectation of immediate death. He then had six children. Albert. P. Brown was then eight years old, and Grace C. Brown, now Grace C. Foote, was then four years old; neither had any means of support other than their father's provision for them, and their mother had previously died.

The testator's estate, after the payment of his debts, amounted to about $2500, besides $3000 which was subsequently realized from a claim which was then in litigation, and respecting which he was in great doubt about realizing anything. David Brown had no knowledge of William H. Foote at any time.

It further appeared, subject to the question of its materiality, that the property of William H. Foote was less than sufficient to pay his indebtedness, and that his age is fifty-one years, his health somewhat delicate, and that he is dependent for the support of himself, his wife's mother, his wife, and the adopted daughter, Grace C. Foote, upon his exertions as an insurance agent, and otherwise, from which sources his income during the last year was $1200 or $1300.

*H. B. Stevens*, for Grace C. Foote.

*G. A. Blaney*, for Albert P. Brown.

W. ALLEN, J. The question presented is whether, under the fifth clause of the will, the two youngest children take equally, or whether the executor is to apply the property to the maintenance and education of both or either one of them at his discretion.

We think that the clause constitutes a legacy to the two children in trust, and that they take equal interests under it. It is not a bequest to the head of a family for the support of his family, or to a trustee for the support of the family of the testator; but it is a legacy by a father for the maintenance and education of two of his children by name. We think this gives to them equal rights in the estate. The insertion of the words "the maintenance and education of" restricts the use they may have of the property, but cannot deprive them of the equal right to such use.

As the will gives to each of the children an equal right with the other, the fact that one of them has acquired other means of maintenance and education is immaterial; and the acquisition of new parents, by adoption, by one or both of the children, will not determine the interest given by the will to both. The testator might have given to the trustee discretion to apply the fund according to the different needs of the beneficiaries, but he has not done so, and the trustee has no authority to take from Grace C. the proportion belonging to her, and bestow it upon her brother.                              *Decree accordingly.*