Marvin, J.
This case is brought here for the purpose of having this Court give a construction to the will of Maria M. Brockett, deceased, and to give directions to the executor of that will asjjto what course to pursue in the final distribution of the estate which comes into his hands as such executor.
Maria M. Brockett died in 1886. She was the wife of Dr. Brockett at the time of her death. Before her marriage to Dr. Brockett she had been the wife of aman by the name ofJPond, and she was the mother of three children of Mr. Pond, and the mother of one child of Dr. Brockett. When .-.she died, her eldest child Daniel Herbert Pond was about sixteen years of age; her son Harry about fourteen; her •daughter Ilda S. Pond about ten and-a-half, and her son EarlJBrockett about four years of age. The petition avers, that the Pond children of Mrs. Brockett are without any property other than that which comes to them from their mother, and neither the answer filed on behalf of Earl Brockett, nor that filed on behalf of the Pond children denies that allegation.
The clause of the will which it is asked that the court . shall construe, is the third item, and reads-.“All the balance -of my estate, personal and real, I will and bequeath to my children share and share alike, the same to be kept invested by my executor hereinafter named until my daughter Ilda , shall become of age, when the same is to be divided.”
It then directs that the “interest and income of said estate be used as far as needed in the judgment of my said executor and my sister E. G. Oorey, in the support, care and education of my children till the final distribution of said estate.”
The question is whether by that item of the will the estate which is bequeathed, is to be divided into four equal *61 parts from the time that this will takes effect, to-wit, the death of the testatrix; that is to say, shall each of the four children have one-fourth part of that estate, together with the income of such one-fourth of said estate, up to the time of the distribution, so that if anything is expended by the executor upon consultation and agreement with Mrs. Oorey in the education or maintenance and support of any one of the children, the amount thus expended shall be deducted from the income of that one child ? Or, whether the executor is to be credited with the money thus expended against the estate generally, in making up his account. In no event, of course, is he authorized to use more than the income. Shall he take credit for that generally against the estate and divide the balance into four parts? Or, shall he treat the estate as though divided when he took it, or immediately upon taking it, and then let the expense for each child be charged against the income of that one-fourth part to which each child would thus be entitled?
It is well settled that in construing a will, the language above all other things is to be examined to ascertain what was really the will of the testator; what was the thing that the testator meant to do. And it is settled by the authorities that that is to be determined by the words used, if they are so plain that there can be no mistake about them. But if there is any doubt in the words used, we may look to the surroundings, and see what the circumstances were, and what the testator would naturally desire to do.
If this item had ended with the words “when the same is to be divided,” there would have been no trouble about its construction. But following these words are those already quoted: “I direct that the interest and income of said estate be used as far as needed in the judgment of my said executor and my sister E. Gr. Corey in the support, care and education of my children till the final distribution of said estate.” Does that mean that the income of the en *62 tire estate may be used, or rather that out o£ the income of the entire estate, may be used such an amount as in the judgment of the executor and E. Gr. Corey is needed for the support and education of any one or more of these children ?
We learn by the pleadings — because the petition avers and nobody denies it — that the Pond children were without any bther means of support than that left by their mother, as I have already stated.
The boy Earl Brockett, four years old at the death of his mother, had a father with whom he was living and who would by law be bound to take care of him, if he had no other means. I do not mean by that that he would not be bound to take care of him if he had other means. Circumstances might be such that he would not expend that amount of money that ought to be expended, considering the amount of property that the boy is worth, compared with that which the father is worth. One of the things which Mrs. Brockett might well have considered, and doubtless did consider when she executed this will, was the fact that her youngest child had a father to look after and take care of him; that the other children would now be left without any parent, and had no property except that which was bequeathed to them by her. It is urged that that being true, she might very well have understood that more money might reasonably be needed out of her estate for the support and education of the older children than would be needed for the support and education of this youngest son; that that not only is likely to have been in her mind from the fact that the youngest boy had a father, but from the further fact that by reason of his youth the money that would be necessary for his education and support up to the time when the estate was to be divided, to-wit when the daughter Ilda should become of age — six and a-half years after the death of her mother and seven and a-half years after the execution of the *63 will; that in the nature of things these older children might and would need more money expended for them than this young boy would need expended for him. That seems to be reasonable. It seems to us not an unnatural thing, not an improbable thing, that this mother when providing out of her property for her children, might well have thought that within the seven and one-half years, or thereabouts, which would elapse from the time the will was executed to the time she had provided for the distribution of theproperty, there might be considerable difference in the amount of money needed for the support and education of the several' children, and that she might well have thought that it would be equitable and fair that the estate be kept together, and that out of the income generally of that estate each of the children should have such support and education as would be reaonably needed up to the time when the daughter would become of full age, and at that time each of the Pond sons would be of full age, and that it would be equitable and fair to make the division then. But unless she used words which, fairly construed, indicate that that was what she desired, of course, the court should not so construe this item of the will, however reasonable we may think such disposition of her property might be.
We are cited to a very considerable number of cases somewhat like this. Two Kentucky cases were cited to us, one of them found in 2nd Bibb, at page 301, Triggs Administrator, against Robert Daniel. In that case the testator had provided that his property be equally divided between his widow and three children; that the division was not to be made until the oldest son should arrive at majority, the children to be “well educated and genteelly supported.’’ In that case the court held that the education and support was to come out of the estate generally; that the estate was not o be divided, or to be treated as though divided im *64 mediately upon the death of the testator; but that the income of the estate was to be used generally; that it was the proper thing for the .executor to charge in his general account, or rather credit himself in his general account, with the amount expended for the children, and not to keep a separate account for each one.
The case in the 5th T. B., Monroe,at page 50, Wood and wife v. Lee, is one where a provision had been made that certain property be sold and that the avails of the sale should be used for the education of the children of the testator, there are several provisions in that will for the sale of property and the using of the avails for the education and support of the children. The court say in that case: “When it is contemplated by a testator that a family is to be kept together, it does not require that separate accounts be kept for each, however it may be in other cases. ’ ’ Other cases similar to these are cited. There is one in 137 Mass. 543, James A. Jones, trustee, against Grace O. Foot, et al. There the testator provided a fund which he gave in trust for the maintenance and education of his minor children, Albert P. Brown and Grace O. Brown. Grace was adopted by a family named Foot, and they took care of her and supported her. Albert P. Brown was not adopted, but money was expended for his support. The court decided in that case that the property was to be divided into two equal parts,and that the fact that no money had been expended for the daughter made no. difference, but she was entitled to have one-half of the entire property. That case seems to be very much like this, except that in that case no discretion was left with the executor. In this case a discretion is left with the executor and the sister of the testatrix, Mrs. Corey, as to how the income of the property shall be expended for the children.
Bo far as we have examined the other cases, there is no case that warrants the conclusion that this estate must *65 necessarily be divided into four equal parts, or treated as though divided into four equal parts at the death of the testatrix.
Authorities are numerous that sustain the position that the property is vested upon]the death of^the testator. This property did become vested, andlhe’children of Mrs. Brockett had vested rights'] m this] property upon the death of their mother; but it by no~means follows that the income is to be divided equally, or in any fixed ratio among them.
Now taking into consideration Nhe facts to which I have called attention, the surroundings of these children, and then reading these bequests in Hhe light of these circumstances, it seems to us that a fair reading of this is to treat it as'fhough provision for the]use~of the income of the estate for the support]and education of the children was to precede the division. It is in point of time to precede. It seems to us as]though this]testatrix meant, when she used these words, the same as though she had said “all the balance of my estate, personal and real, is to be held by my executor until my daughter Ilda shall become of full age, when the same is to be divided equally between my four children; my executor, however, to use so much of the income of said estate as shall be necessary, upon consultation with E. G. Corey, for the education and support of my children.” Therefore we think]that this estate should be settled by the executor taking a general credit for expenditures made for any of the children; that he should take credit in his]accounts as executor for what he has expended for the children. I mean in other words, for the education and support of the children.
Something has been said in argument about money having been expended by the executor for other purposes. That is a matter that the Probate Court has juirsdiction of when these accounts come to be settled in that court.
Hon. G. H. Foster, Messr. Boynton & Horr, for the Plaintiff.
Hon. E. C. PenneioeM, and A.J. Mitchell, Esq., for the defendant
Our holding is that the executor is entitled to have credit as against the gross income of this property for the expenditures that have been made for the education and support of all the children; that that which has been expended for the education and support of these several children may be added together and taken from the income, and that the distribution will be then made into four equal parts.
As I have said, it is for the Probate Court to say whether or not he executor has exercised his discretion properly, or whether he has abused it. If he has not exercised his discretion properly, it will be the province of that court to make the proper corrections; and when that is done the executor will be credited as against the entire income of the estate, with his proper expenditures, including what has been properly expended for the education and support of all the children of the testatrix,
The defendant Earl Brockett through his guardian excepts to the ruling of the court, and asks for the separate findings of the facts and the law.