BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
FRANKLIN R. JOHNSON, guardian ad litem, & others.

Worcester.   December 7, 1950. — January 4, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Trust,* Use of principal.

A power given to trustees in their discretion to apply principal of the
trust "as nearly equally as may be" to the maintenance, support and
education of income beneficiaries must be exercised with reasonable
judgment; but if so exercised, a court will not substitute its judgment
for theirs.

Under a will establishing a trust in a large amount and directing the
trustees "in their sole discretion to apply the net income thereof and
such portions of the principal, if any, as they may deem necessary or
proper, as nearly equally as may be, to the maintenance, support and
education of" a nephew and two nieces of the testator during their
lives, it could not be said that the trustees exceeded their powers or
went beyond the bounds of reasonable judgment in paying from prin-
cipal $9,000 to the nephew and only $4,500 and $3,100 to the nieces,
respectively.

PETITION, filed in the Probate Court for the county of
Worcester on May 16, 1949, for allowance of an account.

The case was heard by *Wahlstrom,* J.

*F. R. Johnson,* pro se as guardian ad litem.

*R. D. Power,* for the petitioner.

*H. Olins,* for P. Stewart Newton, Jr., and others.

RONAN, J.   This is an appeal by a guardian ad litem from
a decree of the Probate Court for Worcester County allow-
ing the sixth and final account of the trustees under the will
of Phinehas S. Newton.

The testator died on April 8, 1917.   He left the residue of
his estate in trust to trustees who were "From time to time
in their sole discretion to apply the net income thereof and
such portions of the principal, if any, as they may deem
necessary or proper, as nearly equally as may be, to the

maintenance, support and education of Ruth E. Newton, Dorris S. Newton, and Phinehas S. Newton, all of said Fitchburg, and hereinafter referred to as the beneficiaries, being the children of my deceased brother, Charles Homer Newton . . . during the respective terms of the natural lives of said beneficiaries. Upon the death of any beneficiary, his issue, if any, shall be entitled to receive said beneficiary's share of the income, which shall be divided, from time to time, among said issue by right of representation, until the twentieth anniversary of my decease, when such issue of said beneficiary as may then be living shall be entitled to receive said beneficiary's share of the principal absolutely, divided among them by right of representation."

The testator's nephew, Phinehas S. Newton, died on April 17, 1948, leaving three children. His sisters, Ruth E. Newton, now Burbank, and Doris S. Newton, now Macdonald, are still living and both have children. The trustees prior to the death of the nephew paid him out of principal at various times sums amounting to $9,000, to his sister Doris S. Macdonald $4,500, and to his other sister, Ruth E. Burbank, $3,100. The trustees charged each beneficiary interest at six per cent upon all of these payments against the income due to that beneficiary, and have added all such charges to the total income before making proportionate division of income for distribution. Prior accounts showing such charges against income and allocation of such charges have been allowed without objection.

The total payments already mentioned out of principal to the three life beneficiaries amounted to $16,600. The sole contention of the guardian ad litem is that the trustees should add this sum to the $403,645.63, the book value of the trust fund at the date of the death of the nephew, before determining the one-third share of the children of the nephew, and should then reduce such share by the $9,000 which had been paid to the nephew during his lifetime.

The trustees were authorized to make such payments out of principal from time to time as they deemed necessary and

proper for the maintenance, support, and education of the nephew and two nieces, and to determine the amount of these payments which the testator desired should be made "as nearly equally as may be." The power given to the trustees to make such payments to the beneficiaries was to be "exercised with that soundness of judgment which fol‑ lows from a due appreciation of trust responsibility." *Cork‑ ery* v. *Dorsey,* 223 Mass. 97, 101. *Berry* v. *Kyes,* 304 Mass. 56, 59.

There is no contention that the trustees acted in bad faith, or arbitrarily or capriciously. In such circumstances, the court will not substitute its judgment for theirs if they have acted within the bounds of reasonable judgment. *Amory* v. *Green,* 13 Allen, 413, 416. *Eldredge* v. *Heard,* 106 Mass. 579, 582. *Proctor* v. *Heyer,* 122 Mass. 525, 529. *Dumaine* v. *Dumaine,* 301 Mass. 214, 222. *Sylvester* v. *Newton,* 321 Mass. 416, 421. Restatement: Trusts, § 187. If the aggregate payments from principal had been divided equally among the three beneficiaries, each would have received $5,533.33. The nephew received $3,466.67 more than a third equal share of these payments, Doris S. Macdonald $1,033.33 less, and Ruth E. Burbank $2,433.33 less. The guardian does not contend that each should have received exactly one third, but he points out that there is such a disparity in the amounts received that they were not paid out "as nearly equally as may be" and consequently it was beyond the power of the trustees to make such a distribution of the trust funds. If the will had not contained the words just quoted, the beneficiaries would be entitled to an equal distribution of these aggregate payments. *Weld* v. *Barnes,* 9 Allen, 145. *Jones* v. *Foote,* 137 Mass. 543, 545. The testator apparently realized that the needs of the bene‑ ficiaries would not be the same and that the actual needs of some would be more extensive than those of others. He provided for such a situation, at least to a certain extent, by granting a degree of latitude to his trustees in satisfying such needs.

The power to pay out of principal was subject to a reason‑

able determination by the trustees that the needs of the life beneficiaries were such that a portion of the principal should be paid to alleviate their situation. The difference in the amounts of the payments made to them, if considered alone, cannot be said to be insubstantial, but when viewed in the light of the purposes and objects of the trust, the probability that the needs of the life beneficiaries would vary in their character and urgency, and the amount of the principal of the trust, it cannot be said that in making the payments the trustees exceeded the limits imposed upon them by the testator or that in the exercise of their discretionary power they failed to exercise reasonable judgment. *Lovett* v. *Farnham*, 169 Mass. 1, 6. *Smith* v. *Haynes*, 202 Mass. 531, 534–535. *Corkery* v. *Dorsey*, 223 Mass. 97, 102. *Wright* v. *Blinn*, 225 Mass. 146. *Lumbert* v. *Fisher*, 245 Mass. 190, 194. *Parker* v. *Lloyd*, 321 Mass. 126, 134. Scott, Trusts, § 187.

*Decree affirmed.*