Mary E. STEDMAN, Executrix under the will of William S. Stedman, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 63–403.

United States District Court
D. Massachusetts.

Sept. 15, 1964.

Eliot P. Brooks, Holyoke, Mass., for plaintiff.

W. Arthur Garrity, U. S. Atty., Murray H. Falk, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

This action is brought by plaintiff as Executrix under the will of William S. Stedman, Jr. to recover $3710.83 in federal estate tax and interest paid to the defendant. The parties have filed cross-motions for summary judgment.

The following facts appear from the pleadings, attachments thereto, affidavits, and a stipulation filed herein. William S. Stedman, Jr. died testate on December 2, 1957. His will was admitted to probate at Springfield, Massachusetts, and plaintiff qualified as Executrix thereunder on January 21, 1958. The decedent's will, a copy of which is set out in full as Exhibit A to the complaint, gave certain specific personal property to Mrs. Stedman and then provided that the residue be given to her in trust "she to have the net income of * * * said property and estate, and such portions of the principal as in her judgment may be necessary for her comfortable support and maintenance, she to be the sole judge as to what may be necessary for her comfortable support and maintenance, said income to be paid to (her) quarterly, or as much oftener as may seem expedient to * * * said Trustee, and the payments of any part of the principal of said trust funds to be paid to (her) as she may require it." The will then provided that upon her death the remainder would go to testator's son and such other of his children as survived him, and to their children *per stirpes*.

Plaintiff filed a federal estate tax return on March 2, 1959, indicating that testator left a gross estate of $144,327.52. A specific exemption in the amount of $60,000 and deductions of $75,469.67 were taken from the gross estate leaving a net taxable estate of $8,857.85, and an estate tax of $420.05 was remitted with the return. Included in the total deductions of $75,469.67 on the return was a marital deduction claimed in the amount of $68,857.84. The Internal Revenue Service disallowed $24,880.06 of the claimed marital deduction, basing the disallowance on its determination that the interest passing to the surviving spouse under the residuary trust was a terminable interest not otherwise qualifying for the marital deduction. On July 18, 1961 a deficiency in the total amount of $3,710.83 was assessed and subsequently paid. On February 5, 1962 a claim for refund of the $3,710.83 was filed, and on May 28, 1962 the claim was disallowed. Thereafter the instant suit was instituted.

In her brief plaintiff asserts in support of the claim for refund that the decedent's will on its face conferred on the surviving spouse a power of appointment over and a right to invade principal sufficient to qualify for the marital deduction. In the alternative plaintiff contends that testator's will is ambiguous on its face and that further evidence of the circumstances surrounding its execution should be taken for the purpose of making a proper construction thereof.

The Government's position is that plaintiff is precluded from successfully maintaining her suit for refund by the terminable interest rule of Section 2056 (b) (1), Internal Revenue Code of 1954, and the Government further says that the will involved herein does not come within the power of appointment exception contained in Section 2056(b) (5). The Government in its briefs further argues that there is no merit in plaintiff's alternative contention of ambiguity of the will and that for this reason no evidence should be taken as to testator's intent or the circumstances surrounding execution of this will.

Plaintiff contends that the will, in giving her "such portions of the principal as in her judgment may be necessary for her comfortable support and maintenance * * * as she may require it * * *," gave her, in effect, an unlimited power to invade the principal or, in the alternative, a general power of appointment over the principal, either of which, according to her, qualifies the trust involved herein under the power of appointment exception to the terminable interest rule. (26 U.S.C. sec. 2056(b) (5).)

■ While it is axiomatic that federal law determines which interests are subject to federal taxation, it is clear that resort must be had to state law to determine the nature of an interest created by a will admitted to probate in the state court. Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154 (1942); Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585 (1939).

■ Passing momentarily the alleged power of appointment, the interest given to plaintiff is a life estate in the income of the trust with a remainder over, and this standing alone is a terminable and nonqualifying interest. Estate of Kleinman v. C. I. R., 25 T.C. 1245, aff'd 245 F.2d 235 (6 Cir. 1957). Thus, plaintiff's case rides or falls on the legal effect of the power of appointment. This is to be determined by looking to the law of Massachusetts to see whether or not the language in the instant will created what amounts to a general power of appointment or an absolute unconditional right of the widow to invade and consume the entire corpus of the trust. The law of Massachusetts does not support plaintiff's contention and the Massachusetts decisions establish that the widow's interest herein is not equivalent to a general power of appointment over the corpus of the trust. It has been held in a number of the Massachusetts cases that language substantially the same as that in the instant will makes the right of a life tenant to invade principal contingent on her making a good faith determination that the invasion of principal is necessary for her comfortable support and maintenance. Brunton v. Easthampton Savings Bank, 336 Mass. 345, 145 N.E.2d 696 (1957); Nunes v. Rogers, 307 Mass. 438, 30 N.E.2d 259 (1940); Allen v. Hunt, 213 Mass. 276, 100 N.E. 552 (1913); Boston Safe Deposit & Trust Co. v. Johnson, 326 Mass. 664, 96 N.E.2d 155 (1951); Copp v. Worcester County National Bank, 1964 Mass.Adv.Sh. 875, 877, 199 N.E.2d 200. Because the power to invade is subject to a condition it is not exercisable in all events and does not qualify for the marital deduction. United States v. Lincoln Rochester Trust Co., 297 F.2d 891 (2 Cir. 1962); Blodget v. Delaney, 201 F.2d 589, 593 (1 Cir. 1933). See, also, Starrett v. C. I. R., 223 F.2d 163 (1 Cir. 1955).

Plaintiff's alternative contention that the will is ambiguous on its face and that further evidence should be taken for the purpose of making a proper construction thereof is without merit. State Street

**572**

Bank & Trust Co. v. United States, 313 F.2d 29 (1 Cir. 1963).

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is allowed. Judgment for defendant.