JOSEPH F. DODGE & wife *vs.* ALMIRA MOORE.

Under a will giving to the testator's widow the use and income for her life of all his estate, with authority to " use so much of the principal as she may think necessary, if the income of said estate shall be insufficient for her support," and " full power and authority to sell any part or all of the estate whenever she may think it expedient, either for her support or for investment," and giving to the testator's daughter " all of said estate that may remain at the death of my said wife," the widow's discretion to sell is unlimited.

BILL IN EQUITY filed March 28, 1868, by Charlotte Maria, daughter of Benjamin Moore who died September 20, 1867, and Joseph F. Dodge, her husband, to restrain Almira Moore, the widow of the deceased, from proceeding to sell at public auction, as she had advertised to do on March 31, 1868, all his estate, both real and personal, valued in the inventory at respectively $3900 and $615.25, which she claimed a right so to sell under the provisions of his will, all but the formal parts of which were as follows :

" I give and devise to my wife, Almira Moore, the income, use and improvement, for and during her natural life, of all the estate, both real and personal, of which I may die seised and possessed ; and if the income of said estate shall be insufficient for her support, it is my will that she shall use so much of the principal as she may think necessary : and I hereby give her full power and authority to sell any part or all of either the real or personal estate whenever she may think it expedient, either for her support, or for investment, if at any time she may be of the opinion that the property can be better invested ; and I also give her power and authority to execute a good and sufficient deed of the real estate hereby devised, whenever she may see fit to sell the same ; and all of said estate, real and personal, that may remain at the decease of my said wife, I give and devise to my daughter, Charlotte Maria Dodge, and her heirs. I appoint my said wife, Almira Moore, to be the executrix of this will."

The bill alleged that the will raised a trust in the property in favor of Mrs. Dodge ; and prayed for the appointment of a trustee, for an injunction, and for general relief.

The answer admitted the allegations of fact contained in the bill, so far as above recited, alleged that the income of the estate was insufficient for the support of the defendant, and objected to the appointment of a trustee.

The case was heard, on bill and answer, by *Hoar*, J., who ordered that the bill be dismissed with costs for the defendant; and the plaintiffs appealed to the full court.

*G. M. Hobbs*, for the plaintiffs.

*J. A. Gillis*, for the defendant, was not called upon.

WELLS, J.    The will gives to the widow, Almira Moore, " full power and authority to sell any part or all of either the real or personal estate whenever she may think it expedient." This is a personal confidence.    The power is to be exercised by Almira Moore ; not by the executrix, nor by any trustee, whether appointed by this court or the probate court.    The discretion given to her is unlimited.    Although her right in the proceeds is only a life interest, and what may remain at her decease is given to the daughter of the testator ; yet the authority of the widow to consume the principal for her support, if the income should be insufficient, is limited only by the measure of " so much of the principal as she may think necessary."    Her right to sell the real estate is not contingent upon the insufficiency of the income and if it were, she is herself the sole judge of the necessity The case is not one which requires or warrants the interference of the court, either to prevent a sale or for the appointment of a trustee.                                        *Bill dismissed.*