## MARY V. CARROLL *vs.* JAMES P. SHEA.

Suffolk. April 3, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & KNOWLTON, JJ.

*Devise — Power to sell — Title in Fee.*

A testator, by his will, gave to his wife an estate for life in land, with the power,
as his " executrix, in her discretion to sell and convey " it, and to expend the
proceeds or a part thereof " for her own comfort and support," and added, that,
if she declined or resigned that office, an administrator with the will annexed
should have the same power during her life, under the direction of the Probate
Court. *Held,* that the wife in her own right, and as executrix, could convey a
good title to the land in fee, by separate deeds in each capacity, or by one deed
in her twofold capacity.

CONTRACT for breach of an agreement in writing, signed by
the plaintiff and the defendant, as follows: " Boston, Mass.,
Nov. 10, 1888. James P. Shea agrees to purchase of Mary V.
Carroll for the sum of twenty-four hundred dollars the estate
on Bunker Hill and Ferrin Streets, Boston, Mass., bounded north-
easterly by Bunker Hill Street 19 ft., southeasterly by a five-
foot passageway 55.8 ft., southwesterly by Ferrin Street 29.2 ft.,
and northwesterly by a line 40 ft. southeasterly of Bates Street
60 ft. Said Carroll agrees to sell and convey to said Shea the

said premises for said sum by a warranty deed conveying a good title. Deed to be delivered and cash paid at No. 209 Washington Street, Boston, Room 53, Nov. 16th, 1888, at 10 A. M."

The answer admitted "that the agreement alleged was made and signed as alleged; that a deed in the usual form of a warranty deed, executed by the plaintiff as executrix of the will of Edward Carroll and also in her own right, and sufficient in form to convey a good title, was tendered to the defendant"; and alleged that the plaintiff "fulfilled her part of said agreement so far as she had power to do so; but the defendant denies that the plaintiff, either as executrix or in her individual right, took under said will a title in fee simple to said premises, or a right or the power to convey the same to the defendant; and says that said deed so tendered was inoperative to convey to the defendant a good title to said premises."

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts, in substance as follows.

The will of Edward Carroll, senior, contained the following provisions:

" I give, devise, and bequeath unto my wife, Mary V. Carroll, the use, income, and improvement of all the estate, both real and personal, which I shall leave at my decease, during the remainder of her natural life.

" I hereby appoint the said Mary V. Carroll the executrix of this will, and I authorize and empower her, as such executrix, in her discretion to sell and convey, at public or private sale, by an absolute title, the whole or any portion of my said real and personal estate, and the proceeds thereof to invest in other real or personal estate, or she may, from time to time, expend such portion or all of said proceeds, if necessary, as she in her discretion may deem proper, for her own comfort and support, or for the education and support of my son, Edward Carroll, Jr., or for both of them.

" In case my wife shall decline or resign the said office, then I give the same power to any administrator with this will annexed, except that such power shall not be exercised unless by the license and direction of the Probate Court, and such power shall not continue beyond the life of my wife.

" All the rest, residue, and remainder of all my said real and personal estate, and the proceeds thereof, and all property both real and personal acquired by the proceeds thereof, I give, devise, and bequeath unto my only son and child, Edward Carroll, Jr., his heirs and assigns, to his and their own use ; provided, however, that in case my said son Edward shall die before arriving at the age of twenty-one years and without leaving any issue living, then so much of said rest, residue, and remainder as shall not have been expended for the support, education, care, and burial of my said son I give, devise, and bequeath unto the Association for the Protection of Destitute Catholic Children, in said Boston, now established on Harrison Avenue, its successors and assigns, absolutely, for the uses of said association ; but the whole thereof may be expended for my said son before his majority if necessary."

Edward Carroll, Jr. died before the death of the testator, without issue, and under twenty-one years of age. The personal estate given to the plaintiff by the will was insufficient for her comfort and support, and, in the exercise of a wise discretion, it was reasonable for her as executrix to sell and convey the real estate in question in fee, if she had the power so to do, and to expend portions of the proceeds thereof for her own comfort and support. By the will, the plaintiff took an estate for her life in the real estate described in the declaration, and had good right to convey the same to the defendant.

If, by the power given to the plaintiff as executrix, she acquired by the will the authority to convey the estate in fee subject to her life estate, judgment was to be entered for the plaintiff in the sum of $200 damages, with costs ; otherwise, for the defendant.

*C. Robinson, Jr. & G. A. Blaney,* for the plaintiff.

*H. W. Bragg,* for the defendant.

FIELD, J. The plaintiff in writing agreed to sell, and the defendant to buy, certain real property situated on Bunker Hill Street and Ferrin Street in Boston, of which Edward Carroll died seised. By the agreement, the plaintiff is to give " a warranty deed conveying a good title." The question is whether the plaintiff, either in her own right, or as executrix of the will of Edward Carroll, or in both capacities, can convey a good title.

It is clear that the will gives her an estate for her life in this real property, and, as executrix, a power to sell and convey the fee. The case differs from such cases as *Hale* v. *Marsh,* 100 Mass. 468, *Dodge* v. *Moore,* 100 Mass. 335, and *Cummings* v. *Shaw,* 108 Mass. 159, mainly in this, that the plaintiff holds her life estate and the power in different capacities. If it is necessary that she execute two deeds, one in her own right of the life estate, and the other as executrix of the remainder in fee, or execute one deed of the whole estate, but in two capacities, the answer shows that the deed or deeds she has tendered are admitted by the defendant to be sufficient to convey a good title, if she can in any manner convey a good title in fee simple. It may be that the power was given to the plaintiff as executrix in order to avoid the question which was decided in *Welsh* v. *Woodbury,* 144 Mass. 542 ; but the fact that the power was given to her as executrix, and, in case she declined or resigned that office, then to an administrator with the will annexed, with the limitation that it should not be exercised by the administrator " unless by the license and direction of the Probate Court," and should not continue beyond the life of the wife, does not impair the power she has over the fee while she is executrix. We think she can convey a good title in fee simple. The power given is ample, and it is to be exercised "·in her discretion," and it is plain that the purchaser is not required to see to the application of the purchase money, because she is authorized to " expend such portion or all of said proceeds, if necessary, as she in her discretion may deem proper, for her own comfort and support," etc.

*Judgment affirmed.*