Summers, J.
The defendants in error, plaintiffs, in the court of common pleas, contend that Maria Zeltner took only a life estate, and mainly rely upon Smith v. Bell, 6 Pet., 68; Baxter v. Bowyer, 19 Ohio St., 490, and Johnson v. Johnson, 51 Ohio St., 446.
The defendant contends: First, that she took an estate in fee simple; Second, that if she did not take-an estate in fee simple, whatever estate she took was coupled with an unlimited power to sell or dispose and that a fee simple passed by the deed; and Third, that if the power to sell or dispose is limited *282 to a sale or disposition for her support still her deed is good.
The rule is, that when an estate is devised with an absolute power of disposal, a devise over of what may remain is void, but that where a life estate only is given in express words to the first taker, with an express power in a certain event, or for a certain purpose, to dispose of the property, the life estate is not, by such a power, enlarged to a fee or absolute right, and the devise over is good.
In Jackson v. Robins, 16 Johnson’s Reports, 537, where the testator by his will devised “all his real and personal estate whatsoever, . unto his wife Sarah, to hold the same to her, her executors, administrators, and assigns, but in case of her death, without giving, devising, or bequeathing by will, or otherwise selling or assigning the said estate, or any part thereof, then he devised all such estate, or all such parts thereof as should so remain unsold, undevised, or unbequeathed, unto his daughter Catharine Duer, to hold the same to her, her executors, administrators, or assigns.” Chancellor Kent in his opinion, said: “We may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the cases.”
*283 Again he says: “The question then occurs, was the limitation over to Mrs. Duer valid, after the creation of such an estate in fee? The words of the will were, that ‘in case of the death of his wife, without giving, devising, and bequeathing by will, or otherwise selling or assigning the estate, or any part thereof, he doth give and devise all such estate as should so remain unsold, undevised, or unbequeathed to his daughter, Lady Catharine Duer,’ etc. This limitation over, must be either as a remainder, or as an executory devise, and it is impossible that it should be either, upon any known, principles of law. No remainder can be limited after an estate in fee, and, therefore, if a devise be to A and his heirs, and if he die without heirs, then to B, the remainder is repugnant to the estate in fee, and void. (Preston v. Funnell, Willes, 164; Pells v. Brown, 2d point, Cro. Jac., 590.) Nor can the limitation over operate by way of executory devise, because the power to dispose of the estate by will or deed, which Lord Sterling gave to his wife, is fatal to the existence of that species of interest. It is a clear, and settled rule of law, that an executory devise can not he prevented or defeated by any alteration of the estate out of which, or after which, it is limited, or by any mode of conveyance. It can not be created, and it can not live under such a power in the first taker.”
The same statement of the law is made by the learned Chancellor at a much later date. 4 Kent’s Com., 270.
The law is very clearly stated and illustrated by Peters, J., in Stuart v. Walker, 72 Me., 145, 148. He says: “The defendants contend that, where a life *284 estate is devised, whether impliedly or expressly given, with an unqualified power of disposal annexed, a gift or limitation over is of no effect. That is true where the life estate is created by implication, but not true where it is expressly created in. direct and positive terms.
“A life estate by implication usually arises, where-a donor devises property generally, without any specification of the quantity of interest, and adds-some power of disposition of the property, and provides a remainder. For instance: A gives an estate to B, with a power of disposal annexed, and a. gift over to C. Here is an association of purposes, and intentions, divisible into three parts. What, does A mean by all of them combined? What is implied by them?
“A first gives the estate to B in general terms.. Stopping there by our Revised Statutes, he gives an. estate of inheritance. But an estate in fee first described, may be cut down to a lesser estate by subsequent provisions.
“A power of disposal is annexed by A to his bequest to B. The effect of this depends upon whether-it is a qualified or an unqualified power. If it is an absolute and unqualified power, it really neither takes, from, nor adds to, the amount of the estate previously given, though there be a gift over. It would, be merely equivalent to adding words of inheritance, making the gift to B and his heirs and assigns.. But those words were implied before. The law presumes in such case, that a testator superadds the-unlimited power of disposal, to make his intention as emphatic and unequivocal as possible. The gift: over in such case, is regarded as repugnant to and. *285 ■controlled by prior provisions. There is nothing to .go over. A mail can not give the same thing twice. Having given it once, it is not his to give again. Such •a devise comes within the principle of the class of ■cases where a testator gives an estate of inheritance, and then undertakes to provide that the devisee shall not alien the property; or that it shall not be “taken for his debts; or that he shall dispose of it in some particular way indicated; provisions which are powerless to control the prior gift.
“But where the power of disposal is not-an absolute power, but a qualified one, conditioned upon some certain event or purpose, and there is a remainder or devise over, then the words last used do restrict and limit the words first used, and have the force and efficacy to reduce what was apparently an estate in fee to an estate for life only. Thus: A gives an estate to B, with the right to dispose of as much of it, in his lifetime, as he may need for his support, and if anything remains unexpended at B’s death, the balance to go to C. Here there may be something to go over. B is to dispose of the es“tate only for certain specified purposes. He can ■defeat the remainder, only by an execution of the power. The clear implication of such a bequest, “taking all its parts together, is that B is to possess a life'estate. Here a life estate is implied, and is not expressly created. •
“But A makes this devise: ‘I give to B, my estate to have and to hold during his lifetime and no longer, with the right to dispose of all the same during his lifetime, if he pleases to do so, and any unexpended balance I give to C. ’ ’ Here a life estate is expressly created, instead of arising by implication. *286 Here, an absolute and unqualified power of disposal, annexed, does not enlarge the estate to a fee. Where an estate is expressed, it need not be implied. An absolute control does not amount in such case to an absolute ownership. There is no conflict between the three parts of such a devise. Each clause in the combination may be literally executed. They are in no wise inconsistent with each other.
“An examination of the cases invoked to the aid of the defendants, shows that all or nearly all of them pertain to life estates by implication, and are mostly instances where the purpose was, not to extend a life estate, but to reduce what was apparently an estate in fee. In some of the cases cited, may be found general expressions appropriate enough in the connection where used, which would be misleading when applied to devises, such as the one now presented.”
The law is similarly stated in Van Horne v. Campbell et al., 100 N. Y., 287, by Andrews, J., in a very learned opinion, in which all of the New York and many English and American decisions are reviewed.
To the same effect is McClellan v. Larchar, 45 N. J. Eq., 17; 16 Atl. Rep., 269, and the case further is important in that it was held that without regard to the devisee’s estate the will gave her power to sell and the defendant was decreed to specifically perform his agreement to purchase the real estate.
No useful purpose would be subserved by further quotations from the cases. A multitude of cases may be found by reference to those already given. The decisions of this court profess to be in harmony with the law as declared in those cases and they are *287 in line with them unless it he conceded that, relying too much upon Smith v. Bell, 6 Pet., 68, there may he some doubt as to the correctness of the conclusion in Baxter v. Bowyer, 19 Ohio St., 490, that the power of sale was limited to a sale for the benefit of the estate and as to which Judges Scott and White dissented.
In Smith v. Bell, supra, a provision of the will was as follows: “Also, I give to my wife, Elizabeth Goodwin, all my personal estate whatsoever and wheresoever, and of what nature, kind, and quality soever, after payment of my debts, legacies, and funeral expenses, which personal estate I give and bequeath, unto my said wife, Elizabeth Goodwin, to and for her own use and benefit, and disposal absolutely the remainder of the said estate, after her decease, to be for the use of the said Jesse Goodwin.” Mr. Chief Justice Marshall says (79): “The first part of the clause which gives the personal estate to the wife would, undoubtedly, if standing alone, give it to her absolutely. But all the cases admit that a remainder limited on such a bequest, would be valid, and that the wife would take only for life. The difficulty is produced by the subsequent words. They are ‘which personal estate I give and bequeath unto my said wife, Elizabeth Goodwin, to and for her own use and benefit, and disposal absolutely.’ ” The operation of these words, when standing alone, cannot be questioned. But suppose the testator had added the words “during her life.” These words would have restrained those which preceded them, and have limited the use and benefit and the absolute disposal given by the prior words, “to the use and benefit, and to a *288 ■disposal for the life of the wife,” and he concludes (84), “we think the limitation to'the son on the death ■of the wife restrains and limits the preceding words ,so as to confine the power of absolute disposition, which they purport to confer of the slaves, to such a disposition of them as may be made by a person having only a life estate in them.” The case is ■cited with apparent approval in Brant v. Virginia Coal & Iron Co., 3 Otto, 326, 333.
' Mr. Justice Field, after citing another case, says: “Numerous other cases to the same purport might be cited. They all show that, where a power of disposal accompanies a bequest or devise of a life éstate, the power is limited to such disposition as a tenant for life can make, unless there are other words clearly indicating that a larger power was intended. /
Howard v. Carusi, 109 U. S., 725, is in accord with the cases hereinbefore cited, and in the opinion Mr. Justice Woods cites, with approval, the eases which they follow, and also Gifford v. Choate, 100 Mass., 343, in which Hoar, J., says of Smith v. Bell, supra: “The authority of the decision is somewhat impaired by the circumstance that no eounsel was heard on behalf of the party against whom it was made, and the attention of the court does not seem to have been drawn to the authorities in favor of the opposite conclusion.”
In Stuart v. Walker, supra, Peters, J., says of Smith v. Bell, that it is “a case differing somewhat from many, of the authorities.” And in Copeland v. Barron, 72 Me., 206, 211, he says it “is contrary to the authorities generally.” Roberts v. Lewis, 153 U. S., 367, is in accord with the authorities' and is *289 especially noticeable in that the court overrules its former decision, Giles v. Little, 104 U. S., 291, and follows the subsequent decision Little v. Giles, 25 Neb., 313.
The pertinent part of the will there considered is •as follows: “After all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give and bequeath and dispose of as follows : To my beloved wife, Editha J. Dawson, I give and bequeath all my estate real and personal, of which I may die seized, the same to be and remain hers, with full power, right and authority, to dispose of the same as to her shall seem most meet and proper, so long as she shall remain my widow, upon the express condition, however, that if she should marry again, then it is my will that all the estate herein bequeathed, or whatever may remain, should go to my surviving children, share and share alike. ’ ’
On page 378, Mr. Justice Gray says: “In Smith v. Bell, the testator bequeathed ‘all his personal estate, consisting principally of slaves, to his wife, to and for her own use and benefit and disposal absolutely; the remainder of the said estate, after her decease, to be for the use of his son;’ and the decision was that the wife took a life estate only, and the son a vested remainder. The wife had made no conveyance of the property; the words of the gift •over were the technical ones ‘the remainder of .my •estate,’ appropriately designating the whole estate •after the wife’s death; and the court distinctly intimated that, if the will were construed as giving the wife ‘the power to sell or consume the whole personal estate during her life,’ a gift over of ‘what remains at her death’ would be ‘totally incompatible’ *290 and ‘void for uncertainty.’ ” Smith v. Bell, 6 Pet., 78. But in the case at bar, the gift over is in express terms of “whatever may remain.” If the intent expressed by these words can be carried out, the children take only what has not been disposed of. If the clause containing them is repugnant and void, the view of the supreme court of Nebraska, that the widow took an estate in fee is fortified. See Howard v. Carusi, 109 U. S., 725; Potter v. Couch, 141 U. S., 296, 315, 316.
“In Brant v. Virginia Coal Co., the bequest which was held to give a life estate, and no power to convey a fee, was only of the testator’s estate, real and personal, to his wife, “to have and to hold during her life, and to do with as she sees proper before her death.’.’ 93 U. S., 327.
“The numerous cases cited in the briefs have been examined, and show that the general current of' authority of other courts is in favor of our present conclusion; but, as they largely depend upon the phraseology of particular wills, it would serve no-useful purpose to discuss them in detail.
“It is unnecessary to express a positive opinion upon the question whether, under this will, the widow took an estate in fee; for if she took a less estate with power to convey in fee, the result of the case, and the answers to the questions certified, must be the same as if she took an estate in fee herself.
“For the reasons above stated, this court is of opinion that the will of Jacob Dawson did give his-widow such an estate in lands in Nebraska of which he died seized, that she could during her widowhood convey to third persons an estate in fee simple therein. ’ ’
*291 Section 5970, Bevised Statutes, reads: “Every devise of lands, tenements, or hereditaments, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate.”
This perhaps does not affect the question, otherwise than to place the burden on him who contends that the devise is of a less estate, because prior to its enactment words of inheritance were not necessary to the passing of an estate in fee simple by will
But it is unnecessary to determine the estate taken by Maria Zeltner in the view taken of the power given her by.the will. A life estate in real property with a power to convey in fee is not an estate in fee simple but it is more than an estate for life, the estate, it is true, is not greater, but there is an estate and a power. This power may be given with an- estate expressly limited for life, but an unlimited power cannot be given with an estate limited for life by implication, the reason being that if the power is unlimited there can be no life estate, the presence of the power prevents the implication of a life estate. But why, looking to substance and not to form, should not the power exist with an implied life estate? To avoid defeating the testator’s intention by declaring his devise' over void, because repugnant, by declaring the absolute and unlimited power, he has coupled with the estate, limited to the conveyance of an estate such as'might be granted by one owning the life estate is to defeat the power and equally disregard his intention.
*292 In Van Horne v. Campbell et al., 100 N. Y., 287, 295, 303, Andrews, J., says: “The limitation over in the ease supposed would be repugnant to the prior fee and the superadded power, not because there could not in the nature of things be a complete and perfect execution of the intention of the testator, for manifestly there is no necessary repugnancy, in fact, between a gift to A, with power of disposition, and a gift over to B, in case the power is not exercised. But such a gift over, upon the assumption made, is repugnant in law to the prior estate in power, because the law has declared that a valid limitation over can not be made to depend upon such a contingency. The law in the case supposed defeats the intention o'f the testator. But this occurs in all cases where a testator undertakes to do what the law does not permit. The rule of perpetuities and our statute of uses and trusts furnish familiar examples.” And page 303: “Many of the established rules of property limitation are technical and in many instances are founded upon mistaken analogies or upon reasons which no longer have any significance. But to depart from them in cases where rights have become vested and titles have been taken in reliance upon them, would produce great inconvenience, and in many cases work gross injustice. ’ ’
The devise to Maria Zeltner is just as clearly in fee and the power to sell or dispose of the property as absolute and unlimited as those under consideration in Roberts v. Lewis, supra, and nearly every word, there, of Mr. Justice G-ray, respecting them, just as applicable here. John Zeltner gives to his wife all his estate, real and personal, in fee simple, *293 “with power to sell or dispose of it (the estate in fee simple) as she may see fit,” and after the death of his wife, “if there is anything remaining of my personal and real estate it shall be distributed in' the following manner.” The estate given to the plaintiff below is contingent upon something .remaining and inasmuch as the power of disposal given to the widow is unlimited and as she may see fit there is nothing upon which to raise a trust or a right to question the wisdom of her discretion.
In McClellan v. Larchar, 45 N. J. Eq., 17, the will of General McClellan was as follows: “First. After the payment of my just debts and funeral expenses, I give, bequeath, and devise to my beloved wife, Ellen Marcy McClellan, all the estate, both real and personal, of whatever nature, and wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, the same to be held and enjoyed by her fully and absolutely, and without restriction of any kind, with full power to alienate, convert, or dispose of the same in such manner as she may deem best. Second. Upon the death of my said wife, or if she should not survive me, I direct that all of my estate, real and personal, herein mentioned, or so much of it as remains the property of my wife on her death, should she survive me, with the exception of such articles as hereinafter specifically bequeathed, be divided between my two children, George B., Jr., and Mary M., share and share alike.” Chancellor McGill says: “It is not, however, necessary, to the determination of the controversy in this case that I should hold that the complainant has taken a fee simple in the land in question, and that the devise *294 over to the testator’s children is void. It is sufficient, for the purpose of affording the relief sought, that it appears that the complainant may exercise her power of sale conferred by the will. Such a power has clearly been given to her, not only by express language, but also by necessary implication from the terms of the will. In the first clause it is provided that she shall have full power to alienate, convert, or dispose of the testator’s estate, real and personal, as she may deem best. Language could not more explicitly give a power of sale. It is objected, however,. that this power is controlled and limited by the subsequent provisions of the will, recited above, which is as follows: “Should my wife survive both my children I leave her entirely at liberty to dispose of all the’ estate, both real and personal, accruing to her under the provisions of this will, as she may deem best.” This clause implying that she is not at liberty to dispose of the entire estate. This provision is used by the testator in connection with the devise and bequest over in favor of his children, and plainly relate only to that part of the estate which shall remain undisposed of at the death of the wife. It clearly does not affect any disposition the complainant may be desirous of •m airing by deed during her life. But the terms of the devise over to the children themselves imply and recognize the complainant’s power to sell. This devise contemplates the disposal of “so much” of the estate devised and bequeathed to the complainant “as remains her property at her death.” That such an expression implies a power of sale is established by abundant authority.
In Howard v. Carusi, 109 U. S., 725, 733, Mr. Jus *295 tice "Woods says: “But by the terms of Lewis Carusi’s will, the complainant and her sisters were only entitled to so much of the estate of Lewis as Samuel should ‘not have disposed of by devise or sale.’ The bill of complaint charges that Samuel Carusi, by his last will and testament, had devised to certain persons therein named, among them the complainant, all the property devised to him by the last will of Lewis Carusi. There was, therefore, no property of the estate of Lewis Carusi to which the supposed devise to complainant and his sisters could apply.”
“The case of complainant received no support from the precatory words of the will of Lewis Carusi. These words express ‘the hope and trust that Samuel Carusi will not diminish the same (viz., the .property devised to him by the will) to a greater extent than may answer for his comfortable support, ’ and the testator then devises to complainant and her sisters what Samuel shall not have disposed- of by devise or sale.
“The words do not raise any trust in Samuel. He is not made a trustee for any purpose, and no duty in respect to the disposition of the estate is imposed upon him. But even if the will had contained an express request that Samuel should convey to the complainant so much of the estate as he did not dispose of by sale or devise,. there would be no trust, for the will, as we have seen, gives Samuel Carusi the absolute power of disposal.”
Reference is made to the following cases as wholly or in part sustaining the conclusion: Kent v. Morrison, 153 Mass., 137; Hoxie v. Finney, 147 Mass., 616; Gifford v. Choate, 100 Mass., 343; Dodge *296 v. Moore, 100 Mass., 335; Hale v. Marsh, 100 Mass., 468; Paine v. Barnes, 100 Mass., 470; Clark v. Middlesworth, 82 Ind., 240; Silvers v. Canary, 109 Ind., 267; Henderson v. Blackburn, 104 Ill., 227; and Walker v. Pritchard, 121 Ill., 221.
There seems to be some misapprehension of Johnson v. Johnson, 51 Ohio St., 446. That case does not decide, though there may be expressions in the opinion susceptible of that interpretation, that a devise over of what, or if anything, remains, of itself limits an absolute or unqualified power of sale, but in the opinion it is said: ‘ ‘ The plain intention of the testator as shown by the whole will, is, that the property is given to the widow to be by her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange, or dispose of the same as she may think proper, limited, however, in the exercise of such power, to the purpose for which the property is given to her, that is for her consumption.” And having found such to be the intention of the testator, effect is given to his intention by holding that the power of disposal is limited to such disposal as she might think proper for consumption in her life support. Under the power so limited she could not dispose of the fee of the property by gift during her life, nor by will at her death. And accordingly it was held that the petition, averring that the widow had consumed less than the income and that the whole of the estate had been obtained from her by the defendant by fraud and undue influence,, stated a good cause of action.
Whether or not the conclusion, that a limitation over of what remained unconsumed was a limita *297 tion of the power, is supported by the authorities it. is not important to inquire for no word of similar import is found in the will of John Zeltner, and if that conclusion in Johnson v. Johnson is correct, the case is sustained by abundant authority.
In the present case, by the express terms of the. will, Mrs. Zeltner took an estate in fee; and the subsequent limitation by like terms, applies only to what may remain of the estate after her power with respect to it has been exercised. If, by construction,, there should be imported into the will a limitation which is not expressed therein; namely, that the devise is for her support only, still it would follow that the judgment below is wrong, for it does not permit the plaintiff in error to be indemnified for the money which it expended in her support, to which indemnity, even upon that view, it would be equitably entitled.
Moreover, no fraud is charged, and it appears from the statement of counsel for defendants in error that the court found against Mrs. Zeltner in a suit brought by her in her lifetime to set aside the-deed on the ground of want of consideration and her mental incapacity.
It is unnecessary to review the many decisions of this court. All have been examined and none it is. thought is in conflict with the law as laid down in the cases hereinbefore noticed, unless it be in some of them holding valid the limitation over, but none holds an absolute power limited by the mere fact, that the donee of the power took an estate for life, but in each instance the limitation has arisen from some language in the will indicating such intention in the testator.
*298 Maria Zeltner having power to convey an estate in fee simple in the land in question, and having done so, the defendants in error show no right to recover, their estate being defeated by her execution of the power. It follows that the judgments below are reversed and upon the finding of facts .judgment is rendered for the plaintiff in error.

Reversed.

Spear, C. J., Davis, Shauck and Crew, JJ., concur.