SALLIE A. CHAMPNEY & others *vs.* ELIZABETH BRADFORD
& trustee.

Plymouth.    June 19, 1907. — September 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Devise and Legacy.*

A testator, by a will made shortly before his death, devised and bequeathed to his wife all of his estate " to be used by her for her comfort and support during her natural life," and by a subsequent clause devised and bequeathed all of his estate "that shall remain at the death of my wife " to his children. The personal estate was insufficient to pay the debts of the testator, and part of the real estate was sold for that purpose. The income from the remaining real estate was insufficient for the support of the widow, and she sold some of the trees thereon to provide support for herself. *Held,* that she was warranted in doing so, since the will gave her a life estate in the property with a power to sell such part of it as she might need to dispose of for her maintenance.

TORT, for waste alleged to have been committed by the defendant, the life tenant of real estate of which the plaintiffs are remaindermen. Writ in the Superior Court for the county of Plymouth dated April 11, 1906.

The facts were agreed upon and the case was tried before *Dana,* J., without a jury, who found for the defendant. The plaintiff appealed. The facts are stated in the opinion.

The case was submitted on briefs.

*G. W. Stetson*, for the plaintiffs.

*D. E. Damon*, for the defendant.

KNOWLTON, C. J. The defendant is the widow of Gideon Bradford, who made provision for her in his last will and testament as follows: "Second — I hereby give bequeath and devise unto my wife Elizabeth Bradford my estate both real and personal to be used by her for her comfort and support during her natural life." The third clause of the will is in part as follows: "Third — I hereby give bequeath and devise all of my estate both real and personal that shall remain at the death of my wife the aforesaid Elizabeth Bradford" to my two daughters and one of my sons, etc. The testator left real estate whose appraised value was $1,370, and personal property appraised at $375.95. The personal property was all used in paying his debts, and a part of the real estate was sold for the same purpose. The widow has sold some of the trees on the land to obtain money for her support, and the question raised by this appeal is whether she had a right to sell them.

It is agreed that the whole income from the property, after paying taxes, repairs and insurance, is not more than $50 per year, which is much less than is needed for her support. The will was made only a few months before the testator's death, and he must have known, generally, the amount and condition of his property at that time.

The question is whether he intended, by his language, to give his wife the right to dispose of any part of the property if she needed to use it in that way for her comfort and support. We are of opinion that he did. This is indicated, not only by the language of the gift, but also by the third clause, which gives to his children only that part of his estate which shall remain at her death. He gave her a life estate in the property, with a power to sell such part of it as she might need to dispose of for her maintenance.

In its leading facts and in the language of the will the case is very similar to *Johnson* v. *Battelle*, 125 Mass. 453, in which a like decision was made.

*Judgment affirmed.*