JOSEPH R. COTTON, administrator *de bonis non* with the will annexed, *vs.* TOWN OF DANVILLE & others.

Suffolk. October 5, 1938. — October 27, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Devise and Legacy*, Life estate. *Executor and Administrator*, Distribution, Accounts.

A clause in a will giving the residue of the testatrix's property to her sister "for life, with the right to use both the principal and income thereof for her maintenance, travel and personal comfort and pleasure, at her own absolute discretion," but not restricting her to such use

and providing that she should not be held accountable by anyone for any use she might make of the property, followed by clauses disposing of "any property" "remaining not disposed of" at the death of the sister, gave the sister only a life estate with a power of spending the principal in addition to the income during her life.

The mere facts that the executrix of a will, who was given a life estate in the property of the testator with unlimited power in her discretion as to expenditure of the principal as well as the income during her life and who during her life retained the property in her name as executrix, filed a final account a year after her appointment showing the transfer of the estate to her as an individual, and that the account was allowed by the court, did not require a finding that she had appropriated such estate to herself as the absolute owner thereof.

PETITION, filed in the Probate Court for the county of Suffolk on November 17, 1937, for instructions.

After hearing by *Prest*, J., a decree was entered from which the town of Danville appealed.

*J. R. Cotton*, stated the case.

*H. Williams*, (*F. P. Hanford* with him,) for the respondent town of Danville.

*O. A. Schlaikjer*, (*R. G. Coburn, Jr., W. B. Wing, & A. R. Brown* with him,) for the respondents The Florence Crittenden League of Compassion and others.

DOLAN, J. This case comes before us on an appeal by the town of Danville, in the State of New Hampshire, from a decree of the Probate Court instructing the petitioner as to his duties as administrator with the will annexed of the goods not administered of Mary J. Sanborn, late of Boston in the county of Suffolk, deceased, who will be hereinafter referred to as the testatrix. The will of the testatrix was duly proved and allowed in the Probate Court for the county of Suffolk on March 17, 1921. Under the fourth paragraph of her will she provided in part as follows: "All the rest, residue and remainder of my estate, including any real estate which I may hereafter acquire, I give, devise and bequeath to my sister, Salina E. Sanborn, of North Danville, in the town of Danville, Rockingham County, New Hampshire, for life, with the right to use both the principal and income thereof for her maintenance, travel and personal comfort and pleasure, at her own absolute discretion. While it is my desire that the use of my prop-

erty by my sister shall be limited for the purposes stated, I do not restrict her to such use, and direct that she shall not be held accountable by any one for such use as she may make of said property during her life. Included in the property herein devised and bequeathed to my said sister are two parcels of land in said Danville described as follows." A description of two parcels of land follows, with a provision that the testatrix's sister Salina "shall have the right to sell and convey, lease or mortgage said real estate, or any part thereof, for the purposes hereinbefore specified . . . ." The fifth clause of the will provides that, upon the death of Salina, $1,000 is to be paid, from the estate then remaining, to Louis M. Griffin, in trust, for certain purposes, and the sixth paragraph makes a devise of the real estate before referred to, to the respondent town of Danville for certain charitable purposes. The seventh paragraph of the will provides that the sum of $1,000 given in trust, under the fifth paragraph of the will, "shall be the first charge on . . . [the estate of the testatrix] remaining upon the decease of . . . [her] sister, the personal estate to be used for the payment of . . . [that] sum before the real estate is resorted to"; and further that, if necessary to pay that sum or any part thereof, the town of Danville is authorized to "sell and convey or to mortgage, for that purpose, the whole or any part of the two parcels of real estate hereinbefore specifically described." By the eighth paragraph of her will the testatrix provided that, "Upon the decease of my said sister, any property of my estate then remaining not disposed of by my said sister, except that otherwise hereinbefore disposed of, is to be applied and used by my executor or administrator as follows: Five hundred dollars to the First Universalist Society in Plymouth, of Plymouth, Massachusetts, this payment to be made prior to any payment hereinafter provided for. The remainder to be divided equally between . . ." four named charitable corporations.

The sister of the testatrix was named as executrix of her will, with a provision "that all the duties which she is required to perform under this will be exercised by her as

executrix thereof to the end that no trustee hereunder shall be appointed during her lifetime and that she shall not be held accountable as trustee or otherwise to any one." She was duly appointed and qualified as executrix, and subsequently filed her first and final account covering the period beginning March 17, 1921, and ending March 31, 1922, and showing in Schedule A $15,404.06, and in Schedule B the payment of debts and legacies and of a "Balance to Salina E. Sanborn under paragraph 4 of will $13,038.33," making the total of Schedule B $15,404.06, and that of Schedule C nothing. The balance thus shown to have been turned over to Salina consisted of cash, stock certificates and savings bank books. The cash was thereafter carried in a bank account, in Boston, in the name of "Estate of Mary J. Sanborn — Salina Sanborn, Executrix." Salina gave a power of attorney to her counsel to draw checks against this account. The savings bank books and stock certificates had been in the custody of this counsel as attorney for the testatrix and afterwards as attorney for Salina, and were kept in a safe deposit box in a Boston trust company, where they still remained at the death of Salina on March 16, 1937. "The stock certificates and savings bank books [then] stood in the name of Mary J. Sanborn [the testatrix] or in the name of Estate of Mary J. Sanborn, Salina E. Sanborn, Executrix, or in the name of Salina E. Sanborn as Executrix u/w of Mary J. Sanborn." The income received from the property after the death of the testatrix was deposited in the bank account before referred to.

After the death of Salina, who was a resident of Danville, New Hampshire, her will was duly proved and allowed in that State. In this instrument, after pecuniary legacies amounting in all to $2,600, Salina devised and bequeathed the residue of her estate "to the Town of Danville, New Hampshire, in trust to use the income therefrom for repairs or improvements on the Old Meeting House." The judge entered a decree that the estate involved be distributed to the respondents who claimed under the fifth and eighth clauses of the will of the testatrix Mary.

The respondent town of Danville contends, first, that "Under the fourth clause of the will of Mary J. Sanborn, Salina E. Sanborn took outright and not merely a life estate"; and second, that Salina "became the absolute owner of the personal property as to which instructions are sought, by exercise of the power given her" in the will of the testatrix Mary.

"The rule for the construction of wills followed by courts in recent times is to ascertain the intent of the testator from the whole instrument, attributing due weight to all its language, and then give effect to that intent unless prevented by some positive rule of law. . . . It is permissible also to look at all the material circumstances in the light of which the will was executed in order to comprehend the sense and purpose of the language employed." *Ware* v. *Minot*, 202 Mass. 512, 516. *Temple* v. *Russell*, 251 Mass. 231, 235. *Old Colony Trust Co.* v. *Washburn, ante*, 196, 200–201. Examined in the light of this rule, although the right of Salina to use the principal of the testatrix's residuary estate was broad, we think that the testatrix, while not restricting Salina to uses of the estate "for her maintenance, travel and personal comfort and pleasure, at her own absolute discretion," intended that any of the estate involved which Salina did not apply in some manner to her own uses should go to those named to take at Salina's death. The provision of the will of the testatrix that Salina should "not be held accountable by any one for such use as she may make of said property during her life" cannot rationally be construed to mean that a partial use or a nonuse by her of the property would deprive the remaindermen of whatever remained unused by Salina at her death.

We think that the cases following *Ide* v. *Ide*, 5 Mass. 500, *Merrill* v. *Emery*, 10 Pick. 507, *Burbank* v. *Whitney*, 24 Pick. 146, and *Kelley* v. *Meins*, 135 Mass. 231, relied upon by the respondent town, wherein the well recognized principle is affirmed that, where a gift or devise is absolute and entire in its terms, any limitation over is repugnant and void, are all distinguishable by virtue of the language used,

interpreted in the light of the particular circumstances in those cases. It is so firmly established in our law that very broad powers, even extending to the right to convey in fee, do not of necessity prevent a gift or devise from being construed as creating a life interest with power of disposal, and as being valid as to gifts or devises over in the event of the nonexercise of the powers, that only a reference to some of the cases establishing that principle is necessary. See *Blanchard* v. *Blanchard*, 1 Allen, 223; *Kent* v. *Morrison*, 153 Mass. 137, 139; *Barnard* v. *Stone*, 159 Mass. 224, 225; *Sawin* v. *Cormier*, 179 Mass. 420; *Dana* v. *Dana*, 185 Mass. 156; *Allen* v. *Hunt*, 213 Mass. 276; *Champney* v. *Bradford*, 196 Mass. 259; *Crowell* v. *Chapman*, 257 Mass. 492; *Temple* v. *Russell*, 251 Mass. 231; *Bramley* v. *White*, 281 Mass. 343. We are of opinion that Salina took a life estate in the property involved, with a power of spending and consuming the principal in addition to the income during her life. *Goodrich* v. *Henderson*, 221 Mass. 234, 236. *Allen* v. *Hunt*, 213 Mass. 276.

The contention of the respondent town that, by virtue of the allowance of the first and final account of Salina, as executrix, showing the property involved as turned over to her in her individual capacity, she became the absolute owner thereof, cannot be sustained. Under the terms of the will the confidence reposed in Salina was personal. The discretion given to her was unlimited, and the power was to be exercised by her, and not by any trustee. *Dodge* v. *Moore*, 100 Mass. 335, 336. *Fiske* v. *Cobb*, 6 Gray, 144. *Taggard* v. *Piper*, 118 Mass. 315. *Bamforth* v. *Bamforth*, 123 Mass. 280. *Champney* v. *Bradford*, 196 Mass. 259. *Allen* v. *Hunt*, 213 Mass. 276. She was entitled to the possession of the property in question subject to the terms of the will of the testatrix, and the allowance of her final account at best determined nothing more than that she had taken possession; it did not determine the question presented to us for decision. Whether she held the property after the allowance of the account in fact as executrix or in contemplation of law as an individual would have no effect upon the result of the case at bar. The provision of

the will that no trustee of the property should be appointed during the life of Salina, while emphasizing the right of Salina to the possession of the property during her lifetime with the powers granted in connection therewith, was but declaratory of the law. *Dodge* v. *Moore,* 100 Mass. 335, 336. It is manifest that Salina did not exercise the power to appropriate the property either in whole or in part to her own uses at any time.

Counsel for the respondent town has argued that certain evidence was improperly admitted during the trial in the Probate Court. Since the evidence is not reported, such questions are not properly before us. The decree of the Probate Court is affirmed. The allowance of costs and expenses of the appeal is to be in the discretion of that court.

*Ordered accordingly.*