CHARLES R. PRICE *vs.* THOMAS BASSETT & others.

Bristol. March 16, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Fraud, Undue Influence, Misrepresentation, and Conspiracy — Sale of Land by Life Tenant for Inadequate Price — Negligence — Rights of Remainderman.*

One who is entitled to execute a power of sale by which the interests of others will be affected, is bound to exercise not only good faith, but reasonable care and diligence, and, if others are injured by the negligent exercise of the power, they may appeal to equity for redress.

To sell land, given by will to A. for life with power to sell any part of it if needed for his support, with a devise over of what remains at his death to B., for less than half its market value, the land being in active request, and at a sacrifice of more than two thousand dollars, without taking any steps or making any effort to find whether the price for which he sold was reasonable, or was the

fair market value, or whether he could get more, and to do this advising only with the purchaser's agent, is, as matter of law, negligence on the part of A. in executing his power; and B. is entitled to equitable relief.

BILL IN EQUITY, to set aside a conveyance of an undivided third of certain real estate in New Bedford, alleged to have been obtained by the defendant Thomas Bassett from the defendant Keziah R. Price by means of fraud, undue influence, and misrepresentations, and by a conspiracy between him and Keziah and the defendant Orville Bassett, to deprive the plaintiff of his reversionary interest in the same. Hearing before *Morton*, J., who ordered the bill to be dismissed with costs, and, at the request of the plaintiff and with the consent of the defendants, reported the case to the full court. The facts appear in the opinion.

*R. F. Raymond*, (*A. McL. Goodspeed* with him,) for the defendants.

*H. M. Knowlton*, (*L. LeB. Holmes* with him,) for the plaintiff.

BARKER, J. The transaction which the plaintiff contends gives him a right to relief in equity was this. Abbie C. Bassett, who died in the year 1888, owning one undivided third of lands in New Bedford, gave by her will all her estate to the defendant Keziah R. Price, " for her entire use and benefit so long as she shall live, and with permission to sell and use the same, or any part of it, if she shall need it for her comfortable support and maintenance," with a devise over at her death of the whole property, or such part of it as remains, to the plaintiff in fee, if then living. On July 20, 1892, Mrs. Price being in such pecuniary circumstances as justified her in selling the land, sold it for $1,857, which was more than $2,000 below its value. She was not then in actual want, having a home and money in bank. The property which she sold was an undivided third of three parcels of land. She based the price for which she sold on an offer made by the plaintiff to the purchaser for the latter's interest in the same property, he being an owner of another undivided third, which offer had been withdrawn shortly before her sale. She took no steps to find out whether the offer was a reasonable one, or whether the sum for which she sold was the fair market value. She was not familiar with business matters, was over eighty-four years of age, feeble and infirm, and subject to frequent and protracted sicknesses. She

made the sale to her son Thomas Bassett, who was in China and knew nothing personally of the transaction until after its completion, his brother Orville Bassett assuming to act for him. Orville Bassett also advised her in regard to the sale, and she did not make any effort to find out whether the price was the fair market value, or whether she could have got more. There was an active demand for real estate in the vicinity in which the land lay, and it was advancing in price. Besides this, she made the mistake of supposing that the interest which she sold was two ninths, instead of one third. She also had the notion that, as the land had come originally from Ezra Bassett, the father of Abbie C. Bassett, it should go back to the Bassetts, and she preferred that, as between Thomas Bassett, the purchaser, and Charles R. Price, the remainderman, it should go to Thomas rather than Charles. Thomas Bassett and Orville Bassett were her sons by her first marriage with Ezra Bassett, and Charles R. Price was her son by a second marriage.

Charges of actual fraud, undue influence, misrepresentation, and conspiracy made in the bill are negatived by the findings of the single justice by whom the case was heard, and by whom the bill was ordered to be dismissed, and the plaintiff now contends that, upon the facts as found by the presiding justice, he is entitled to equitable relief.

If we lay aside the facts that the sale was to her son, that she preferred as between the purchaser and the remainderman that the land should go to the former, and that she made the mistake of supposing that she was selling a less interest than that which her deed conveyed, there remain the facts that she made no effort to find out whether the sum for which she sold was the fair value of the property, or whether she could have got more, and that thus, without making due investigation, and without advice except from the agent of the purchaser, she sold land for which there was an active demand and which was increasing in price for less than one half its value, and for less by more than two thousand dollars than it should have brought at a fair sale. This is enough to entitle the remainderman to relief in equity. It is abundantly settled that one who is entitled to execute a power of sale by which the interests of others will be affected is bound to exercise not only good faith, but reasonable care and diligence,

and that, if others are injured by the negligent exercise of the power, they may appeal to equity for redress. *Howard* v. *Ames*, 3 Met. 308, 311. *Oberlin College* v. *Fowler*, 10 Allen, 545. *Montague* v. *Dawes*, 14 Allen, 369. *Dyer* v. *Shurtleff*, 112 Mass. 165, 169. *Drinan* v. *Nichols*, 115 Mass. 353, 357. *Dexter* v. *Shepard*, 117 Mass. 480, 485. *Hood* v. *Adams*, 124 Mass. 481, 484. *Thompson* v. *Heywood*, 129 Mass. 401. *Briggs* v. *Briggs*, 135 Mass. 306, 309. *Clark* v. *Simmons*, 150 Mass. 357.

To sell land in active request for less than half its market value and at a sacrifice of more than two thousand dollars, without taking any steps or making any effort to find whether the price for which she sold was reasonable, or was the fair market value, or whether she could get more, and to do this advising only with the purchaser's agent was, as matter of law, negligence on the part of Mrs. Price in executing her power. The great inadequacy of price was the natural and proximate result of this negligence. The loss by reason of this inadequacy of price was prejudicial to the interests of the remainderman, and he is entitled to equitable relief.

It is not necessary now to decide what form the relief to be afforded shall take. The purchaser does not stand in the position of a purchaser without notice. His agent, who alone assumed to act for him in the purchase, had actual knowledge of all the circumstances of the sale, acting also as the adviser of the seller in relation to it. The purchaser is charged with this knowledge, and the land in his hands is subject to all the plaintiff's equities. The decree dismissing the bill must be set aside, and the case stand for further hearing before a single justice upon the facts found at the former hearing.

*So ordered.*