J. SIDNEY ALLEN & another, administrators *de bonis non* with the will annexed, *vs.* THOMAS H. HUNT, executor, & others.

Essex. November 6, 1912. — January 27, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Devise and Legacy,* What interest passes. *Executor and Administrator. Equity Jurisdiction,* In suit against executor or administrator, Adequate remedy in Probate Court.

Where a testator named his wife as the sole executrix of his will and devised and bequeathed to her the whole of his estate "to be used and enjoyed by her for her comfort and support during her natural life" with a provision that any part of his estate "not used by her for her comfort and support during her natural

life," after the payment of two small legacies, should go in equal shares to
certain nephews and a niece, it was *held,* that the testator's widow took only a
beneficial interest for life with a limited power of disposal, and that therefore
the bequest over was valid.

In this Commonwealth a court of equity will not take jurisdiction of a suit
against an executor or administrator, who has not fully administered the estate
of his testator or intestate, for an accounting, where the objection is season-
ably taken and afterwards insisted on that there is a plain, adequate and
complete remedy in the Probate Court.

BILL IN EQUITY, filed in the Superior Court on November 4,
1909, by the administrators *de bonis non* with the will annexed
of the estate of Samuel Nelson Hardy against the executor of the
will of Ann Maria Hardy, who was the widow of Samuel Nelson
Hardy, and a bank and a trust company, to determine whether
certain deposits and certain shares of capital stock belonged to
the estate of Samuel Nelson Hardy, and, if they did, to compel the
payment of such deposits and the transfer of such shares of stock
to the plaintiffs as such administrators.

In the Superior Court the case was referred to Forrest L. Evans,
Esquire, as master, and later was heard by *Brown,* J., upon the
exceptions of the defendant executor to the master's report. The
judge made a final decree granting the relief prayed for, and the
defendant executor appealed.

The first three articles of the will of Samuel Nelson Hardy were
as follows:

"Article I. After the payment of my just debts and funeral
charges, I give, devise and bequeath all my property and estate,
of whatever nature, real, personal or mixed, and wherever situated,
of which I may die seized and possessed, or to which I may be
entitled, or of which I may have the right of disposal at the time
of my decease, to my beloved wife, Ann Maria Hardy, provided
she be living at the time of my decease to be used and enjoyed by
her for her comfort and support during her natural life.

"Article II. In case there shall be any part of my estate, given,
devised and bequeathed as aforesaid to my said wife, Ann Maria
Hardy, not used by her for her comfort and support during her
natural life, and shall be remaining upon her decease, such prop-
erty and estate, of whatever nature, real, personal or mixed,
and wherever situated, I give, devise and bequeath in the follow-
ing manner:

"1. To my cousin, Charles Nelson Hardy, for his name, three hundred dollars.

"2. To Fanny Nelson Allen, for her name, two hundred dollars.

"Article III. All the rest and residue of my estate, of whatever nature, real, personal or mixed, and wherever situated, remaining at the time of the decease of my said wife, Ann Maria Hardy, I give, devise and bequeath to my three nephews, Frank Hardy, William Nelson McKenzie and William Nelson Hardy, and my niece, Lucy Mary Parsons, to be divided equally between them, share and share alike."

The testator's wife, Ann Maria Hardy, was made executrix.

The estate of the testator at the time of his death included no real estate and consisted of certain bonds and shares of stock, $1,000 of life insurance and a deposit in a bank. At the time of the death of Ann Maria Hardy there were standing in her name a deposit in the City National Bank of Gloucester, two deposits in the Gloucester Safe Deposit and Trust Company and seven shares of the capital stock of that trust company. Ann Maria Hardy was appointed executrix of the will of her husband in January, 1906. She continued to be such executrix until her death on July 23, 1909, without having fully administered her husband's estate. On September 6, 1909, the defendant Hunt was appointed the executor of her will. After her death Benjamin F. Allen, 2nd, was appointed administrator *de bonis non* with the will annexed of the estate of Samuel Nelson Hardy, and, said Allen having died, the present plaintiffs were appointed such administrators in his stead.

*C. A. Russell,* for the defendant executor.

*W. A. Pew,* for the plaintiffs.

HAMMOND, J. By the terms of the will the widow took simply a life estate with a limited power of disposal so far as necessary for her personal and physical comfort and well being, but for no other purpose. *Chase* v. *Ladd,* 153 Mass. 126. *Kent* v. *Morrison,* 153 Mass. 137. *Collins* v. *Wickwire,* 162 Mass. 143. *Price* v. *Bassett,* 168 Mass. 598. *Stocker* v. *Foster,* 178 Mass. 591. *Dana* v. *Dana,* 185 Mass. 156, and cases cited. The bequest over was therefore valid.

As executrix of her husband's estate the widow was bound to account to the Probate Court. She was chargeable with what

she received and was to be credited with what she paid out lawfully
to creditors and for expenses of administration including a reason-
able compensation for her own services as executrix, and then she
was to hold the balance for her use for life under the trust named
in the will, and whatever was left was to be disposed of in accor-
dance with the will.  The Probate Court was judicially to deter-
mine on the debtor side what property she should be charged with,
and on the creditor side what allowance should be made to her.
And the questions as to how much she received, how much she
paid out, and for what, including the sum paid out under the
trust, and as to what the balance was for which she or her estate
was finally chargeable, were for the determination of that court
in the first instance, to be settled in an accounting by her or by
her personal representative.  Under our system of practice equity
will not take jurisdiction of such a case where the objection that
there is a plain, adequate and complete remedy in the Probate
Court is seasonably taken and is not waived.  *Sever* v. *Russell*, 4
Cush. 513.  *Ammidown* v. *Kinsey*, 144 Mass. 587.  *Green* v.
*Gaskill*, 175 Mass. 265, and cases cited.  In *Chase* v. *Ladd*, 153
Mass. 126, cited by the plaintiffs, the point as to jurisdiction was
not taken.  In the case at bar there has been no final account
settled.  The point was seasonably taken and has been con-
stantly insisted upon.

*Bill dismissed without costs to either party.*