HARRIETT M. HOMANS *vs.* GEORGE N. FOSTER & others.
SAME *vs.* SAME.

Essex.    November 21, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.    Power.    Evidence.    Words,* "Comfort."

A provision in the will of a woman, devising all of her estate to her husband "for and during the term of his natural life with the full power to dispose of the whole or any part of said property by deed or otherwise if he may deem it conducive to his comfort so to do," does not give the husband a right to dispose of the property by will merely for his own peace of mind or for the comfort and support of another person.

A provision in the will of the husband who was the donee of the power of the will above described giving to a second wife all his estate, including "any over which I have any power of appointment and including all and whatever share, right or interest to which I or my estate may be entitled in any manner whatsoever under the will of my first wife," does not give to the second wife any of the property which was the first wife's at the time of her death, because the husband had no power to dispose of it in this manner.

At the trial of a petition by the second wife claiming certain real estate under the provisions, above described, of the will of the husband, for the registration of her alleged title, it is proper to exclude evidence which tends to show that, after the death of the first wife, the husband was angry and nervous about the

way his wife's will was drawn, saw a lawyer who stated to him that he had a right to dispose by will of property formerly his wife's, and then was relieved of anxiety and was pleased, that not being the kind of "comfort" contemplated by the provision in the first wife's will.

Two PETITIONS, filed in the Land Court respectively on January 2 and January 11, 1917, for the registration of the title to two parcels of land in Gloucester. The petitioner claimed a title in fee by reason of provisions in the wills of her husband, Francis W. Homans, and of his first wife, Rebecca E. Homans, described in the opinion.

The cases were heard together by *Corbett,* J. The petitioner offered in evidence testimony of C. B. Terry, Esquire, that he knew Francis W. Homans in his lifetime; that he was consulted professionally by Homans after the death of his wife, Rebecca E., concerning the provisions of her will; that Homans in these consultations was angry and nervous about the way the will was drawn and over the difficulty he might have in disposing of the property described in these petitions; that at a subsequent similar conference Homans informed the witness that in the meantime he had consulted F. P. Cabot, Esquire, on the same subject matter, and that Homans was relieved of anxiety and was pleased after that conference with Mr. Cabot. This evidence was admitted *de bene,* and ultimately was ruled out by the judge as immaterial, subject to an exception by the petitioner. The petitioner also offered to prove by the witness Terry that as a part of the last mentioned conversation Francis W. Homans said to him that Mr. Cabot had stated to him (Homans) that he (Homans) did have the right to dispose by will of the property in question. This testimony was excluded subject to an exception by the petitioner.

In each case the judge ruled that the petitioner did not take title to the premises and that the petitions should be dismissed; and the petitioner alleged exceptions.

*L. C. Doyle,* for the petitioner.

*H. F. Knight,* for the respondents, was not called upon.

CARROLL, J. These are petitions to register and confirm the titles to two parcels of land in the city of Gloucester. Rebecca E. Homans at the time of her death, May 17, 1905, was the owner of the real estate in question and by her will dated January 7, 1904, devised all of her estate to her husband, Francis W. Homans, "for and during the term of his natural life with the full power to dis-

pose of the whole or any part of said property by deed or otherwise if he may deem it conducive to his comfort so to do." On his death the property undisposed of by him was to go to Angie A. Fernald for life and at her decease it was to "descend and be distributed according to law." On December 23, 1907, Francis W. Homans married the petitioner. By his will of December 19, 1911, after several bequests of money he gave all of his estate, including "any over which I have any power of appointment and including all and whatever share, right or interest to which I or my estate may be entitled in any manner whatsoever under the will of my first wife, Rebecca E. Homans," to Harriett M. Homans, the petitioner. Angie A. Fernald, mentioned in the will of Rebecca, died before Francis W. Homans. The petitioner claims title to the two parcels of land, under the will of her husband. The respondents claim five undivided sixth parts of the property as heirs at law of Rebecca E. Homans, and assert that the other one undivided sixth part is now owned by the petitioner.

By the will of Rebecca E. Homans the land given to her husband was not devised to him in fee. He was given simply a life estate with the power to dispose of the same "if he may deem it conducive to his comfort so to do." *Griffin* v. *Kitchen*, 225 Mass. 331. *Kemp* v. *Kemp*, 223 Mass. 32. *Allen* v. *Hunt*, 213 Mass. 276. *Dana* v. *Dana*, 185 Mass. 156. *Stocker* v. *Foster*, 178 Mass. 591.

Assuming that the power authorized the husband to dispose of the property by will, this authority was limited to its disposition when conducive to his own comfort. He was not empowered to part with the property for every purpose, nor was he permitted to convey the estate for the comfort of any one except himself. In making the devise the testatrix had in mind the physical welfare and comfort of her husband and he was given full control over the estate and could dispose of it and secure his comfort by the application of the proceeds to his physical wants; but the testatrix did not intend that her husband should have this right to dispose of it merely for his own peace of mind, or for the comfort and support of another person. In *Stocker* v. *Foster, supra,* the devise was to the husband for life with power "to sell and dispose of [the estate] . . . whenever in his judgment he may deem it conducive to his comfort." In the opinion it was said, pages 599, 600, "the language used by the testatrix seems clearly to refer to such

comfort as can be attained by the application of the proceeds of the property to the reasonable needs of the life of the donee of the power, and not to that peace of mind which arises from a knowledge that the property has been so disposed of as to contribute to the enjoyment and support of others." See also *Allen* v. *Hunt*, 213 Mass. 276. In *Burbank* v. *Sweeney*, 161 Mass. 490, relied on by the petitioner, the language was not limited in terms to the support and comfort of the devisee. The property was devised to the testator's wife "to dispose of as she may deem expedient." It was held that the testator intended to give her the power of disposing of the property under this provision of the will as she might deem expedient, following the language of the power. There is nothing in *American Baptist Publication Society* v. *Lufkin*, 197 Mass. 221, in conflict with what is here decided.

The evidence excluded was not admissible. The fact that the testator was informed that he had the right to dispose of the property by will, and seemed pleased at this information, was immaterial.

In each case the exceptions are overruled.

*So ordered.*