DEBORAH F. LUMBERT *vs.* ELEANOR C. FISHER & others.

Barnstable. November 14, 1922. — May 24, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Trust,* Construction of instrument creating trust.

A testator by his will gave all his personal property to his wife absolutely, and gave her a life estate in his real estate and " the remainder over upon her decease in equal parts and shares to my children. . . . It is my wish and will, however, that, if necessary for her comfort, maintenance and support, my said wife shall have, use and expend any portion or all of my said real

estate; I therefore direct and will that, upon application to the Probate Court having jurisdiction of this my will, and upon proof of such necessity, a license shall be granted to her to mortgage or sell such property and the proceeds she shall use and expend, and the remainder hereinbefore given my children, is made subject to this use and expenditure by my said wife." After the death of the testator, the widow conveyed certain real estate, which was her individual property and comprised her home, to one of several daughters, used certain funds which she received under the will to purchase an adjoining parcel and also conveyed that to the same daughter, there being no consideration for the conveyance but an oral agreement that the two should continue to occupy the home together, that the widow " should pay the taxes and keep the house in repair, and that she should receive any income derived from the house by renting rooms or otherwise." These conveyances were made for the purpose of favoring the daughter over the other children of the testator and the widow. The income received by the widow being insufficient for her support, she, when seventy-four years of age and in failing health, petitioned the Probate Court for an allowance from the principal of a fund in the hands of a trustee, who had been appointed by the court to convert the real estate into a fund. Respondents contended that the widow should first exhaust the principal of her own property. *Held*, that

(1) The words of the will were to be construed liberally;

(2) It could not be found that it was the intention of the testator that the widow should exhaust the whole of her individual estate before she was entitled to have any part of the principal of the fund created under the will, although the amount of such property of the widow should be taken into account in determining whether she needed a part of the principal of the trust for her maintenance and support;

(3) The conveyances to the favored daughter did not as a matter of law bar the widow from receiving payments from the principal of the trust fund;

(4) A decree directing the trustee to make payments from the principal of the fund to the widow for her maintenance and support was warranted.

PETITION, filed in the Probate Court for the county of Barnstable on December 16, 1921, by the widow of Oliver C. Lumbert, late of Barnstable, for a decree directing and empowering the New England Trust Company, trustee under the will of Oliver C. Lumbert, to pay over to the petitioner for her maintenance and support a reasonable amount of the principal of the trust in accordance with its provisions.

The petition was heard in the Probate Court by *Hopkins*, J., upon an agreed statement of facts. Material facts are described in the opinion. By order of the judge, a decree was entered directing the trustee to pay to the petitioner forthwith $150, and thereafter $50 monthly, for her maintenance and support. The respondents appealed.

*P. Nichols,* for the respondents.

*W. C. Rice,* for the petitioner.

CROSBY, J.   This is a petition filed in the Probate Court, the prayer of which is, that the New England Trust Company, the holder of certain funds in trust under the terms of the will of Oliver C. Lumbert (the petitioner's deceased husband), be authorized to pay to her a portion of the principal of those funds for her [maintenance and support. The case was presented upon the pleadings and an agreed statement of facts; the Probate Court entered a decree for the petitioner, and the respondents appealed.

The testator died in 1913, leaving a widow and four daughters.   His will was proved and allowed on February 10, 1914.   By the third paragraph he bequeathed all his personal property, after payment of debts and charges, to his wife absolutely.   By the fourth paragraph he devised all his real estate to his wife " to have and to hold for and during the term of her natural life; the remainder over upon her decease in equal parts and shares to my children, . . . the issue of any deceased child to take such deceased child's share by right of representation.   It is my wish and will however, that, if necessary for her comfort, maintenance and support, my said wife shall have, use and expend any portion or all of my said real estate; I therefore direct and will that, upon application to the Probate Court having jurisdiction of this my will and upon proof of such necessity, a license shall be granted to her to mortgage or sell such property and the proceeds she shall use and expend, and the remainder hereinbefore given my children is made subject to this use and expenditure by my said wife."   The real estate consisted of several parcels, including a summer residence at the seashore which had been rented each year prior to 1921, when it was not occupied.   On February 6, 1922, Mrs. Lumbert and her daughters executed a written agreement for the sale of this real estate for the sum of $16,000; it does not appear that the sale has been consummated.   All the real estate, except the seashore property, has been sold for approximately $3,000, and the proceeds are held by the trustee.   In the year 1921 the total amount received by the

petitioner from the trust as income from the proceeds of the real estate was $175, although during that year other income of $188 was received by the trustee and retained by it to cover claims and the expenses of administering the trust.

During his lifetime the testator erected a dwelling house as a family residence which he caused to be conveyed to his wife. On June 4, 1919, she conveyed it to her daughter Flora L. Shelton; there was no consideration for this conveyance other than love and affection, but there was an oral agreement between the parties that they should continue to occupy the house together; that Mrs. Lumbert should pay the taxes and keep the house in repair, and that she should receive any income derived from the house by renting rooms or otherwise. One of the parcels of real estate sold by the trustee was a lot of land, adjacent to the petitioner's residence, on which there was a barn used as a garage. In November, 1920, Mrs. Lumbert drew $1,000 from a savings bank — which was part of the personal property bequeathed to her under the third clause of the will — purchased the lot from the trustee and conveyed it to Mrs. Shelton; there was no consideration for this conveyance other than love and affection; and the same oral agreement was made between the parties as was made in respect to the dwelling house. It is agreed that " The purpose of Mrs. Lumbert in making these two conveyances to Mrs. Shelton was to prefer her to her other daughters in the distribution of her property." At the date of the hearing in the Probate Court on December 29, 1921, the petitioner owned personal property in addition to household effects, a list of which is set forth in the record, the income from which amounted in 1921 to $197 and with the $175 received from the trustee amounts to $372.

It was agreed that at the time of the hearing in 1921, Mrs. Lumbert was seventy-four years of age, and that she is in failing health. The words of the will that the petitioner, if necessary " for her comfort, maintenance and support . . . shall have, use and expend any portion or all of my said real estate " are to be construed liberally. It is the contention of the respondents that if the combined income from the trust property and her own estate is insufficient for her

support, that she is not entitled to use the principal of the trust so long as she has property of her own. In other words, the respondents contend that she must expend the $2,023.02 which she has in her own right before she is entitled to an allowance out of the principal, no matter what her necessities may be. If the income from the real estate is not sufficient for her comfort, maintenance and support, property which she has in her own right is to be taken into consideration in determining what amount if any she is entitled to receive out of the principal. *Stevens* v. *Winship,* 1 Pick. 318. It may reasonably be inferred that the testator knew what property his wife had and its value, and that she might dispose of it during her lifetime and be wholly dependent for her support upon what he should devise for that purpose. She is entitled to receive such sums as are reasonable taking into account her age and physical condition, her station in life and all the circumstances. *Dana* v. *Dana,* 185 Mass. 156. *Johnson* v. *Johnson,* 215 Mass. 276, 287. *Hooker* v. *Goodwin,* 91 Conn. 463. What is necessary for the comfort and support of a particular person must depend much upon the circumstances of the particular case. *Lovett* v. *Farnham,* 169 Mass. 1, and cases cited. Although the fact that she has property of her own is to be taken into consideration in determining whether she is entitled to an allowance out of the principal for her support, yet it cannot be found that it was the intention of her husband that she should exhaust the whole of her individual estate before she is entitled to have any part of the principal; no such condition expressly appears in the will, nor can it properly be inferred. If we assume, which does not appear, that she has approximately $2,000 in property all of which can be converted into cash for that amount, we do not think that fact can be said to preclude her from the support to which she is entitled under the will. In view of her age and infirm physical condition, it cannot properly be ruled that she may not retain the limited amount of her separate property to provide for her necessities in case of prolonged illness, possible emergencies, or urgent need. *Conant* v. *Stratton,* 107 Mass. 474, 478, 484. *McKenzie* v. *Ashley,* 145 Mass. 577, 581. The

case of *Hull* v. *Culver*, 34 Conn. 403, is not contrary to the conclusion here reached.

The contention that the petitioner is precluded from receiving any portion of the principal of the trust fund for her comfort and support for the reason that she made the conveyances, above referred to, to her daughter Mrs. Shelton, is unsustainable. While it appears that there was no other consideration for these conveyances than love and affection, yet it also is agreed that since the testator's decease Mrs. Shelton has made her home with her mother in the dwelling house under agreements between them that they should occupy the house together, and that Mrs. Lumbert should pay the taxes and keep the house in repair, and should have any income received from the house or from the adjoining lot. The circumstance that Mrs. Lumbert made these conveyances to Mrs. Shelton for the purpose of preferring her rather than her other daughters in the distribution of her property, is not a bar to the petitioner receiving payments from the principal of the trust fund, if such payments are reasonably necessary for her comfort, maintenance and support. It is agreed that Mrs. Shelton pays no board, " but assists her mother in all of the household duties including the care of the furnace and has looked after the business affairs of her mother ever since she has lived with her, a period of eight or nine years." In 1921 the sum of $110 was received for rent of the house and garage, which could have been found to be a larger income than would have resulted if the petitioner had left the $1,000 in the savings bank instead of withdrawing it and purchasing the lot. Besides, under the agreements made between them, she has had the assistance, companionship and society of Mrs. Shelton.

In view of her age and failing health and all the circumstances, it may readily be inferred that the conveyances made to her daughter and the agreements entered into between them were for her benefit, and did not require a greater amount to be paid to her for her support out of the principal than if she had retained the property. The fact that in making the conveyances to her daughter her purpose was to prefer the latter to her other daughters, is not material

upon the issues involved; the conveyances were of her individual property and she had the right to dispose of it as she saw fit. The decree allowing to her the sum of $150 to be paid forthwith, and the further sums of $50 to be paid monthly, cannot be said to be erroneous as matter of law.

*Decree affirmed.*