HENRY H. JERNEGAN *vs.* MILTON H. MARSHALL.

Dukes County.    February 7, 1935. — March 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Devise and Legacy*, Power.    *Power.    Deed*, Validity.

There was a valid exercise by a life tenant of real estate of a power in
him "to sell, dispose and convey the same without liability to account
for the proceeds of such sale if in his judgment it is necessary so to do
for his best interests or for his comfortable support and maintenance,"
where he gave to his son a deed of the property at a time when the
grantor was ill and in straitened financial circumstances, in con-
sideration of the son's promise to care for him for the remainder of
his life and for the sole purpose of putting title in the son, who did
not have sufficient financial resources of his own to aid the grantor,
so as to enable the son to raise money on the property and thus to
fulfil his promise, the arrangement being made in good faith as neces-
sary for the support and maintenance of the grantor and not for the
purpose of cutting off the remainderman entitled to the property in
case it should not be disposed of under the power.

The deed above described, valid when made, did not become invalid
thereafter by reason of the facts that the life tenant, the grantor,
died a few weeks after it was given, before his son, the grantee, had
succeeded in raising any money on the property or had incurred any
expense in caring for the grantor.

WRIT OF ENTRY, dated December 29, 1933.

The action was heard in the Land Court by *Davis*, J.
Material facts are stated in the opinion.    The judge ruled
as matter of law that "the deed [from Francis J. Marshall
to the tenant] was not a valid execution of the power under
the will of Charlotte J. Marshall"; and that "the de-
mandant, as sole heir of Charlotte J. Marshall as of the
time of the death of Francis J. Marshall, is entitled to
judgment for an undivided one-half of the premises."
The tenant alleged exceptions.

*R. E. French*, for the tenant.

*W. S. Downey*, (*F. Vera* with him,) for the demandant.

QUA, J.    Charlotte J. Marshall, late of Edgartown, died
March 19, 1931, leaving her husband Francis J. Marshall

surviving her. She left a will, which has been duly admitted to probate. In the first paragraph of this will she gave a legacy of $500 to her brother, who is the demandant in this action. The second and third paragraphs read as follows:

"Second: — I devise my homestead consisting of my dwelling house and land on the westerly side of South Water Street in said Edgartown to my husband Francis J. Marshall for his use and enjoyment during his lifetime but with power nevertheless to sell, dispose and convey the same without liability to account for the proceeds of such sale if in his judgment it is necessary so to do for his best interests or for his comfortable support and maintenance in the manner he may desire to live. Third: — At the death of my said husband should my said homestead be undisposed of in accordance with the second clause of this will I devise the same as follows viz, one-half to my heirs at law and one-half to the heirs at law of my said husband, said heirs in both cases to be ascertained as of the time of the death of my said husband."

By the fourth and fifth paragraphs she gave the residue of her property to her husband and made him executor without furnishing a surety on his bond.

Francis J. Marshall died September 7, 1933. The demandant is the sole heir at law of Charlotte J. Marshall, ascertained as of the time of the death of her husband. He claims a one-half interest in the estate in question under the third paragraph of her will. The tenant is the son of Francis J. Marshall. He claims ownership of the entire estate by virtue of a deed from Francis J. Marshall to him dated July 31, 1933, purporting to be given under the power contained in the second paragraph of the will, "as it is necessary to sell the property to obtain money for my support and maintenance." The outcome of the case depends upon whether or not this deed was a valid execution of the power given by the testatrix to her husband by the second paragraph of her will.

The pertinent facts are established by statements of fact in the bill of exceptions and by findings of the judge of the Land Court included therein. After the death of his wife, Francis J. Marshall continued to reside on the premises in

Edgartown. Six or seven months before his death he became ill and had to have a nurse. He was about at the end of his financial resources. His efforts to sell or mortgage the premises had been ineffectual. His son, the tenant, lived at Hyannis, where he had employment, but was unable to help his father financially. "The sole purpose [of the deed to the tenant] was to put the title to the demanded premises in the tenant's name so that he could raise money on it by mortgage or sale, thereby enabling him to take care of his father." No money passed. The only consideration for the deed was the oral promise of the tenant to care for his father for the remainder of his life. It was agreed that as soon as the father was able to make the trip, he and his nurse should come to Hyannis and live at the tenant's home. During the few weeks which elapsed between the giving of the deed and the father's death, the son did not succeed in effecting a mortgage or sale and the father's expenses during that interval have in fact been paid out of his estate. But as soon as the son obtained title he endeavored to place a mortgage to pay the bills and obtained a promise of a mortgage from a bank, though the money was never advanced. He did procure a housekeeper at Edgartown, visited his father and "did everything he could for his father." The plan of giving the deed was adopted in good faith for the purpose of providing a method of using the property to insure the comfortable support of the father. It did not, however, in the time which elapsed before the father's death, provide any means for his support, except as stated above, and the judge finds that the son was unable to take care of his father unless and until a sale or mortgage could be arranged, and that never was carried to completion.

It was clearly Mrs. Marshall's purpose to place her homestead at the complete disposal of her husband either to occupy it or, if necessary, to sell it. Her solicitude for his comfort took precedence in her mind over the desire to leave a half interest to her own heirs. She gave him broad powers, expressed in broad language. He could sell either "for his best interests" or "for his comfortable support and maintenance in the manner he may desire to live." She left the

determination of the necessity entirely to his judgment, subject only to the requirement that he should exercise that judgment reasonably and in good faith. *Hoxie* v. *Finney*, 147 Mass. 616. *Lovett* v. *Farnham*, 169 Mass. 1. The facts established by the record show that the deed from Francis J. Marshall to the tenant was a valid exercise of the power contained in the will. It is expressly found that the deed was made in good faith "and not for the purpose of cutting off the remainderman." The decision to make it was a rational exercise of judgment on the part of the grantor. In his condition of helplessness he might well conclude that the surest manner in which he could utilize the property "for his best interests" and "comfortable support" was by conveying it to his son in return for a binding promise to support him for the rest of his life. *Griffin* v. *Kitchen*, 225 Mass. 331. If the son was not at the moment financially able to support his father, he might become able in the future, and in the meantime the property itself would supply to the son the necessary resources. The promise to support was binding and was a valid consideration for the sale of the property. *Lyman* v. *Lyman*, 133 Mass. 414. *Lavoie* v. *Dube*, 229 Mass. 87. It was capable of producing "proceeds," for which under the power the grantor need not "account." It is true that the conveyance did not in fact provide any cash immediately available for the grantor's needs at the time of delivery of the deed, but we do not regard this as decisive. Nor do we attach importance to the inability of the son to turn the property into money in the short interval between the deed and the father's death. The deed, which was valid when made, did not become invalid because of subsequent events.

This case is to be distinguished from cases where the deed was given in bad faith for the purpose of cutting off remaindermen, *Stocker* v. *Foster*, 178 Mass. 591, and from cases where it was given only to secure the peace of mind of the grantor rather than his material comfort or advantage. *Stocker* v. *Foster*, 178 Mass. 591. *Homans* v. *Foster*, 232 Mass. 4.

The tenant's exceptions must be sustained, and as the

case appears to have been fully tried, and the only point in controversy is settled by this decision, judgment should be entered for the tenant.   G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*