JOHN B. NUNES, administrator, *vs.* LAURA S. ROGERS.

Bristol.    October 28, 1940. — November 26, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Executor and Administrator*, Real estate of decedent.

The administrator with the will annexed of a testator, who gave to his wife a life estate in all his property with "power to . . . dispose" thereof in certain circumstances and gave the remainder to his children, had no standing to attack a mortgage of part of the property by one to whom the widow had conveyed such part by a deed alleged to be invalid because beyond the power so given her.

BILL IN EQUITY, filed in the Superior Court on October 10, 1938.

The averments of the bill in substance were that the trust deed of Rosa Rapoza to her son-in-law, described in the opinion, "was null and void, and contrary to the powers possessed by" her "under the terms of the" will of the plaintiff's testator; that the mortgage by the son-in-law as trustee to the defendant's assignor "did not mortgage the said real estate for the comfortable support and maintenance of" Rosa Rapoza, "but for the benefit of someone other than" her, "life tenant." The opinion states the prayer of the bill.

The suit was heard by *Morton, J.,* by whose order there was entered an interlocutory decree confirming the report of a master and a final decree granting the plaintiff the relief he sought. The defendant appealed.

The case was submitted on briefs.

*F. Vera,* for the defendant.

*J. B. Nunes, pro se.*

Cox, J.  The plaintiff is the administrator with the will annexed of the estate of John F. Rapoza, who, by will, gave to his wife, Rosa, a life estate in all of his property "with power to sell, mortgage, or otherwise dispose of so much of my said estate as in her judgment shall be necessary for her comfortable support and maintenance without securing a license therefor from the Probate Court." The will further provided that, upon the death of the wife and apart from a bequest of the household furniture, whatever "may remain of the rest, residue and remainder of my Estate" was to go to the four children, named therein, to be divided among them in equal shares. Rapoza died in 1921 leaving his widow, Rosa, and the four children named in the will. The widow, who was the executrix of her husband's will, died in 1937, and thereafter the plaintiff was appointed administrator with the will annexed (d. b. n.).

In March, 1930, the widow conveyed to a son-in-law several parcels of real estate that had passed under the will, in trust, however, for her benefit and that of the four children. Prior to December, 1930, one of the children wished to purchase a fishing boat, and the son-in-law, at the direction of the widow, mortgaged two parcels of the land to the defendant's assignor. The widow knew that the proceeds of the mortgage were to be used by the son for the purchase of a boat. The son-in-law obtained $600 on the mortgage, which he lent to the son who purchased the boat, and who, in turn, gave to the son-in-law a promissory note for that amount. The widow did not have or receive the proceeds of this note or any benefit therefrom, and none of it was used for her comfortable support and maintenance. The fishing business was a failure. The

boat was sold for $100 which was paid to the son-in-law who, in turn, paid it to the mortgagee, together with whatever interest the son had paid on his note. The son-in-law makes no claim individually to the note. The widow left no estate, and the only property that she was interested in came from or through her husband.

The trust deed provided that the trustee, who was the son-in-law hereinbefore referred to, should apply "the gross proceeds from said real estate" that was conveyed, for the comfortable maintenance of the widow for and during her life, and apply any balance remaining to the maintenance of the real estate; that upon the death of the widow, the trustee was to hold the real estate "for the use and benefit of such of my children . . . [the four named in the will] as have paid over to my trustee herein during my life, upon request made to each of them, such an amount as my said trustee shall designate to each of them as necessary for the discharge of part or all of my indebtedness, including such indebtedness as arises from the maintenance of the herein granted premises." The deed further provided that if any child, having once contributed "as requested by my said trustee," shall later fail to comply with a subsequent request "by my said trustee for contribution, then such child shall be reimbursed for any contribution made and shall not participate in the use and benefit in the herein granted premises." Authority was given the trustee to sell, mortgage or "partition off" the premises when and as he "in his sole discretion deems fit, applying and distributing the proceeds if any, both as to principal and interest as hereinbefore generally provided, and no grantee or mortgagee shall be required to see to the application of the proceeds of any sale or mortgage, notwithstanding that any such sale or mortgage is made to one or more of the possible beneficiaries hereunder." As to the grantor's title, reference was made to the will of her husband. The deed of trust covered eight parcels of land, all of which comprise from one to seven separate lots. The mortgage in question covers lots in two of these parcels. Before this mortgage was given, the

trustee, with the knowledge and consent of the widow, had sold two lots of the land, the proceeds of which were used in part to pay some of her "bills and debts" and the balance was deposited in a bank. This balance was later paid to the widow from time to time for her support.

This suit is brought against the assignee of the mortgage to restrain its foreclosure, to have it declared null and void, and to require its discharge on the records.

The widow, by the will, took an estate for life with a power to dispose of the entire estate depending upon a contingency. Obviously this power, if the contingency happened, would have to be exercised during the lifetime of the widow and by her personally. *Larned* v. *Bridge*, 17 Pick. 339, 342. The power constitutes a personal confidence, and it was her judgment as to the necessity for her comfortable support and maintenance in which the testator reposed his confidence. "The power is to be exercised by . . . [the donee]; not by the executrix, nor by any trustee, whether appointed by this [Supreme Judicial] court or the probate court." *Dodge* v. *Moore*, 100 Mass. 335, 336. Such a provision in a will creates no trust in the donee or in the executor. *Bamforth* v. *Bamforth*, 123 Mass. 280, 282. But the power of disposal was limited by its very terms and could be exercised for no other purpose than therein stated, *Allen* v. *Hunt*, 213 Mass. 276, 278, and it is clear that if the widow had made no disposal of the estate, or any part of it, in accordance with the power during her lifetime, whatever was left at her death would be disposed of in accordance with the will. *Allen* v. *Hunt*, 213 Mass. 276, 279. *Cotton* v. *Danville*, 301 Mass. 380, 385. The power must be exercised in good faith. *Price* v. *Bassett*, 168 Mass. 598, 600–601, and cases cited. *Griffin* v. *Kitchen*, 225 Mass. 331, 334. If a disposition is made contrary to the terms of the power, the person or persons entitled to the part so disposed of may, in the case of personalty, maintain a bill to compel repayment against one who has received any of it as a gift or with notice of the terms of the power, *Griffin* v. *Kitchen*, 225 Mass. 331, 334, or may, in the same circumstances, in the case of real estate, maintain a writ of entry.

*Hoyt* v. *Jaques*, 129 Mass. 286. See *Price* v. *Bassett*, 168 Mass. 598. But where there is good faith and the disposal is within the power, the remaindermen cannot successfully contest the transfer itself. *Hoxie* v. *Finney*, 147 Mass. 616. *Jernegan* v. *Marshall*, 290 Mass. 245.

By the terms of the power in the case at bar, if the widow had conveyed the real estate for a price, while she would have had the right to use the proceeds in so far as in her honest judgment they were necessary for her comfortable support and maintenance, if anything remained at her death the intention of the testator as to the remainder would be carried out. *Chase* v. *Ladd*, 153 Mass. 126, 128. See *Ladd* v. *Chase*, 155 Mass. 417. And if she disposed of the property contrary to the terms of the power, the rights of the remaindermen to recover either the property or the proceeds, as the case might be, could not be defeated. *Merchants Trust Co.* v. *Russell*, 260 Mass. 162, 164. *Leonard* v. *Wheeler*, 261 Mass. 130, 133.

It is assumed that, under the power in the case at bar, the widow could make a conveyance in trust and that, if this conveyance was made in good faith for the purpose of securing her support and maintenance, the trustee would take a good legal title. See *Perry* v. *Cross*, 132 Mass. 454; *North Adams National Bank* v. *Commissioner of Corporations & Taxation*, 268 Mass. 42, 45. The rights of the remaindermen under the will were only in what might remain at the death of their mother, and her rights, if properly exercised, were paramount to theirs. So long as she acted in good faith in selling the property for a purpose permitted by the will, she would not transcend her authority. *Hoxie* v. *Finney*, 147 Mass. 616.

We are unable to see, however, that the plaintiff, as administrator with the will annexed, has any interest to maintain this suit. His testator completely disposed of his estate. The issue raised by the plaintiff's bill relates to the validity of the mortgage given by the trustee to the defendant's assignor. If the conveyance in trust was proper, it would not concern this plaintiff that the real estate involved was thereafter mortgaged. It would be for either the remainder-

men or the beneficiaries under the trust to question such a transaction. If, on the other hand, the conveyance in trust was not proper, this would not concern the plaintiff, and it would be for the remaindermen, if they so elected, to proceed. *Leonard* v. *Wheeler*, 261 Mass. 130, 133. If it should be determined that the trust deed was good in part (see *Amory* v. *Amherst College*, 229 Mass. 374, 382) as, for example, in so far as it related to proper sales of any of the real estate during the lifetime of the widow and a proper application of the proceeds in accordance with the original power, it would be for the remaindermen or the beneficiaries under the trust to question any other provisions in the deed that might be invalid.

It is settled that neither an administrator, unless licensed to sell in accordance with the provisions of G. L. (Ter. Ed.) c. 202, nor an executor, in the absence of testamentary power conferred upon him, save in certain instances not here material (see G. L. [Ter. Ed.] c. 206, § 8), unless likewise licensed to sell, has any such interest in the land of the deceased person as will authorize him to bring an action to recover the land, *Drinkwater* v. *Drinkwater*, 4 Mass. 354, or to maintain a bill in equity to set aside a transfer alleged to have been in fraud of the decedent. *Hooker* v. *Porter*, 271 Mass. 441, 446, and cases cited. *Cook* v. *Howe*, 280 Mass. 325, 328. *Patrick* v. *Dunbar*, 297 Mass. 40, 43, and cases cited. We are of opinion that the plaintiff has no standing to maintain his bill. See *Dalton* v. *Savage*, 9 Met. 28; *Hoxie* v. *Finney*, 147 Mass. 616; *Warner* v. *Morse*, 149 Mass. 400; *Price* v. *Bassett*, 168 Mass. 598; *Leonard* v. *Wheeler*, 261 Mass. 130. Compare *Chase* v. *Ladd*, 153 Mass. 126.

This is not a case where the plaintiff can be said to represent all parties in interest. He is not a residuary legatee as was one of the deceased plaintiffs in *Parker* v. *Simpson*, 180 Mass. 334, 358. This is not a suit to recover the proceeds of real estate that may have been sold by the widow or by her trustee in accordance with the terms of the power, a part of which still remains to be accounted for as in *Parker* v. *Simpson* (see page 359). Nor is it a case where the ad-

ministrator is seeking to redeem from a mortgage as in *Clark* v. *Seagraves*, 186 Mass. 430, 437. The case is distinguishable from *Cook* v. *Howe*, 280 Mass. 325, 328–330, where it was assumed that all parties in interest were before the court and that all except the trustee, who was the petitioner, desired to treat the trust *res* as money. See *Hodgkinson* v. *Hodgkinson*, 281 Mass. 463, 466; *Berry* v. *Kyes*, 304 Mass. 56, 61, and cases cited.

The facts hereinbefore narrated are, in part, those found by a master to whom the suit was referred, and, in part, the admissions by the defendant of certain allegations in the bill.

The decree is reversed and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*