MARY SHEEHAN vs. EDITH M. SHEEHAN & others.

Hampden. January 4, 1972. — February 15, 1972.

Present: TAURO, C. J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

Real Property, Life estate, Equitable charge. Volunteer.

Where one paid real estate taxes on property subject to an equitable charge for her benefit, she was not a "mere volunteer" in making such payment since she had a right to protect her equitable charge even though she had no obligation to pay the taxes, and she was entitled to repayment of the amount of the taxes by the owners of the property. [197–198]

Where a will gave the testator's daughter a life estate in his farmhouse and further provided that should she "need care, support and maintenance," it should be "furnished her . . . out of the farm and real estate" by the devisees thereof, it was proper, in determining her need for "care, support and maintenance," to take into account her pension while disregarding her savings account, shareholdings, and income therefrom, in view of her advanced age and physical infirmities. [198]

A beneficiary under a will who was left a life estate in a farmhouse in addition to an equitable charge for "care, support and maintenance" on other property was entitled to payments from the equitably charged property for repairs necessary to make the farmhouse "liveable" where her own resources were found to be inadequate therefor, regardless of any obligation of hers as a life tenant to make ordinary repairs. [198]

PETITION filed in the Probate Court for the county of Hampden on May 17, 1968.

The case was heard by Smith, J.

William D. Fitzpatrick for Eugene M. Sheehan & others.

Joseph P. Zajac for Mary Sheehan.

Mary K. Egan (James F. Egan with her) for Edith M. Sheehan; John F. Dowling, for Mary M. Sheehan & another, also with her.

TAURO, C.J.   These are appeals by the petitioner Mary Sheehan and by the respondents Eugene M. Sheehan, Cornelius M. Sheehan, and Patrick J. Sheehan from a

decree, as amended, of the Probate Court in a proceeding brought under G. L. (Ter. Ed.) c. 183, § 52. The decree ordered certain payments to the respondent appellee Edith M. Sheehan from proceeds resulting from the sale of a parcel of real estate which was subject to an equitable charge for her benefit. The evidence is not reported and the case is here on the judge's report of material facts.

In 1946, Patrick J. Sheehan died possessed of a farmhouse and extensive farm acreage which he devised to his three sons subject to certain conditions. These included provisions that no portion of the farm and real estate be sold without unanimous consent of the sons then living, that the testator's unmarried daughter, Edith M. Sheehan, have a life estate in the farmhouse, and that, "should . . . [she] need care, support and maintenance . . . that it be furnished her by my said sons out of the farm and real estate." It is not disputed that this last provision created an equitable charge on the real estate. After the testator's death, the three sons and the daughter Edith sold several portions of the real estate pursuant to an oral agreement whereby each received one-fourth of the proceeds. Subsequently, two of the sons died. The heirs of one son (a widow and her son) were agreeable to continuing this arrangement with respect to the sale of an additional 31.7 acres of real estate, but the heirs of the other son (the appellants) were not. This disagreement resulted in the present proceeding.

The appellants contend that the judge erred as a matter of law in ordering repayment of $2,810.55 to Edith M. Sheehan for real estate taxes which she paid on land subject to the charge from 1961 to 1967 and in ordering, pursuant to the charge, payment of an additional $1,574.44 for her living expenses during the year preceding the hearing and $6,100 for the making of certain repairs to the farmhouse. There was no error.

As cotenants in the farmland, the three sons were legally responsible for paying the real estate taxes on the land. Apart from the farmhouse in which she had a life estate, Miss Sheehan was under no obligation to pay even

a share of the real estate taxes. See *Spring* v. *Hollander*, 261 Mass. 373, 376. It does not follow, however, that she was a "mere volunteer." In the circumstances, she had a right to protect her equitable charge in the land and, therefore, was entitled to reimbursement for the tax payments.

With respect to the payments ordered by reason of the equitable charge, there is no dispute as to the amount of Miss Sheehan's annual expense ($6,000) or as to the amount necessary to put the farmhouse into a liveable condition ($6,100). The judge construed the equitable charge as follows: "The primary intent of . . . Patrick J. Sheehan was that . . . [his daughter] should live in this [farm] house . . . and that care, support, and maintenance should be furnished her out of this farm and real estate." In determining her need for "care, support, and maintenance," he held that it was proper to take into account the annual income from her city pension ($4,425.56) but not her savings bank account (containing approximately $22,640.37), 124 shares of American Telephone and Telegraph Company stock, or her annual income from the bank account and the stock ($1,264.84). The judge emphasized that Miss Sheehan might need the latter resources in the event of prolonged illness. In view of her age (over seventy) and her physical infirmities (high blood pressure, a spastic colon, and other conditions), it was not plainly wrong to exclude these resources in ascertaining her present need. See *Lumbert* v. *Fisher*, 245 Mass. 190, 194. Regardless of Miss Sheehan's obligation as a life tenant to make ordinary repairs in the farmhouse (*Little* v. *Little*, 161 Mass. 188; *Jordan* v. *Jordan*, 192 Mass. 337), she was entitled to assistance under the equitable charge if her own resources were insufficient to make repairs. Having found that certain repairs were "necessary to make . . . [the house] liveable" and that Miss Sheehan's resources were inadequate, the judge could properly direct payment under the terms of the equitable charge.

The petitioner appellant Mary Sheehan, apart from the

other appellants, urges that it was improper for the judge to consider the agreement by which the three sons and Miss Sheehan divided the proceeds of prior sales. We dismiss this contention without reaching its merits because we find no indication that the judge relied on this agreement in arriving at his decision.

*Decree affirmed.*